# J. J. Sturgeon et al., Plffs. in Err., *v.* Commonwealth, to Use of Erie County.

The court of common pleas of Erie county has jurisdiction of a suit on a recognizance taken and forfeited before the recorder of the city of Erie, and then certified to the quarter sessions.

A clerical error in a sci. fa. sur forfeited recognizance, whereby the name of the surety is given with that of the principal defendant as having been brought before the court on a criminal charge, etc., is immaterial and amendable; and a denial, in an affidavit of defense, of the fact as so stated, is not sufficient to prevent judgment.

An allegation in an affidavit of defense to a suit on a forfeited recognizance that the office of the *de facto* officer before whom the recognizance was taken is not a valid office, is not sufficient to prevent judgment; the question presented by such allegation cannot be tried in such a suit.

(Argued April 25, 1888.   Decided May 7, 1888.)

January Term, 1888, No. 340, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas of Erie County to remove and review the record and proceedings in a scire facias sur forfeited recognizance, in which judgment was obtained against the defendants for want of a sufficient affidavit of defense, September Term, 1886, No. 104. Affirmed.

On November 20, 1885, a transcript was filed by leave of the quarter sessions of Erie county in the case of the commonwealth of Pennsylvania against J. J. Sturgeon.   This transcript gives information of a criminal charge against the defendant before Hon. Selden Marvin, city recorder of Erie city, and also recites a recognizance entered into before said recorder by J. J. Sturgeon, defendant in the criminal suit, and L. Rosenzweig, surety, for the appearance of the said J. J. Sturgeon before said re-

NOTE.—In Philadelphia county the court of quarter sessions has jurisdiction in proceedings upon forfeited recognizances. Act April 4, 1873, P. L. 377; act April 22, 1846, P. L. 476. The same is true in Allegheny and Erie counties, where the recognizance is forfeited in the courts of quarter sessions of oyer and terminer. Act April 14, 1863, P. L. 451; act February 27, 1865, P. L. 220; act April 16, 1866, P. L. 906. In other cases in the counties of Allegheny and Erie, and in all cases in other counties, the court of common pleas has jurisdiction. Act March 30, 1821, 7 Smith's Laws, 426, § 2.

corder upon October 27, 1885, at 9 A. M., in the sum of $2,000, and shows that the recognizance was duly forfeited before the recorder.

The forfeited recognizance was thereafter duly certified to the quarter sessions.

Thereupon the following precipe for writ of sci. fa. was filed:

| Commonwealth of Pennsylvania, Use of County of Erie, v. J. J. Sturgeon and L. Rosenzweig. | In the Court of Common Pleas of Erie County. No. May Term 1886. |
|---|---|

Issue sci. fa. sur recognizance taken before Hon. Selden Marvin, city recorder, and duly forfeited, said forfeited recognizance being duly certified to court of quarter sessions, to No. 22, February sessions, 1886, in above-stated case.

Returnable first Monday in May, 1886.

Frank Gunnison,
Attorney for Plaintiff.

To S. V. Holliday, Esq., Pro.
April 14, 1886.

Thereupon a sci. fa. was issued on such recognizance, out of the common pleas, the portion of which at present material was as follows:

Erie County, ss:

| Seal of Court. | The Commonwealth of Pennsylvania to the Sheriff of said County, Greeting: |
|---|---|

Whereas, J. J. Sturgeon and L. Rosenzweig on the 19th day of October, A. D., 1885, was brought before Hon. Selden Marvin, city recorder of the city of Erie, on the charge of receiving money as an officer of the Humboldt Safe Deposit & Trust Company on deposit knowingly, when the said company had not assets sufficient to pay all debts and liabilities, with intent to defraud, and by said Hon. Selden Marvin, city recorder, etc., required or permitted to enter into recognizance to said commonwealth in the sum of $2,000; and whereas, J. J. Sturgeon and L. Rosenzweig, then and there, before the said Hon. Selden Marvin, city re-

corder of said city of Erie, acknowledged themselves bound unto the said commonwealth in the said sum of $2,000, conditioned that the said J. J. Sturgeon be and appear before the said Hon. Selden Marvin, city recorder of the said city of Erie, in said county to October 27, 1885, at 9 o'clock A. M., etc.

The writ having been returned as personally served on defendant Rosenzweig, the plaintiff on July 10, 1886, filed the following certificate of forfeited recognizance in the office of the prothonotary of the court of common pleas:

| Commonwealth of Pennsylvania, | In the Court of Quarter Sessions of Erie County. |
|---|---|
| *v.* | |
| J. J. Sturgeon and Gustav Jarecki. | No. 22, February Sessions, 1886. |

J. J. Sturgeon, defendant, and L. Rosenzweig, held in $2,000 to the commonwealth, conditioned that defendant J. J. Sturgeon will appear and answer further the charge of fraudulently receiving money on deposit as agent and officer of Humboldt Safe Deposit & Trust Company before the recorder, October 27, 1885, at 9 o'clock A. M.

J. J. Sturgeon, defendant, being called and failing to appear, his recognizance was duly declared forfeited. L. Rosenzweig, who was held for the appearance of J. J. Sturgeon, defendant, this day being duly called and failing to produce the body of J. J. Sturgeon, defendant, as required by his recognizance, his recognizance duly forfeited October 27, 1885.

I hereby certify the above to be of record in my office.
Erie, Pennsylvania, July 10, 1886.
[Seal.]                         R. S. Moorhead, Clerk.

On October 15, 1886, the plaintiff served upon the defendant the following notice:

| Commonwealth of Pennsylvania, Use of County of Erie, | In the Court of Common Pleas of Erie County. |
|---|---|
| *v.* | |
| J. J. Sturgeon and L. Rosenzweig. | No. 104, September Term, 1886. |

To the above-named defendants:

Take notice that the plaintiffs have filed a copy of the claim in the above-stated case; and unless you file an affidavit of de-

fense to the same within thirty days from service hereof on you, judgment will be entered against you for want thereof, *sec. reg.*

Frank Gunnison,

Attorney for Plaintiff.

Erie, Pennsylvania, September 22, 1886.

On October 20, 1886, the defendants made answer to the aforesaid notice as follows:

| Commonwealth, Use of Erie County, v. J. J. Sturgeon and Gustav Jarecki. | No. 104, September Term, 1886. In the Court of Common Pleas of Erie County. |
|---|---|

And now, to wit, October 20, A. D., 1886, come defendants, and in answer to plaintiff's rule in the above cause and notice of filing copy of claim, and deny the right of plaintiff to require an affidavit of defense, there being no rule of court or act of assembly requiring the defendants to file an affidavit of defense in this cause, and assert and say that they should not and are not required to file an affidavit of defense unless specially ordered so to do by said honorable court.

L. Rosenzweig, for self and his codefendant.

Rule 6 of the court of common pleas of Erie county relative to affidavits of defense is to the effect that in all actions founded on book accounts, recognizances, etc., if the plaintiff shall have filed a copy of the account or instrument in writing on which the suit is founded, with his declaration, he shall be entitled to judgment by default for the amount claimed, at any time after twenty days from the return of the writ, unless the defendant or some one for him should have filed an affidavit of defense, etc., provided, "that in suits upon recognizances and instruments of record in any of the courts or offices in the county, full copy thereof need not be filed if the precipe or narr. contain a full reference to the office, book, and page where the same may be found."

The defendants claimed that under this proviso one of two things in the present case was necessary: either to file a full copy

of the plaintiff's claim, or make a reference in the precipe or narr. to the office, book, and page where the same might be found; that neither was done, and therefore no affidavit of defense was required.

It was insisted, on behalf of the plaintiffs, that records in the quarter sessions are not kept by book and page as they are in the recorder's office, but are kept in dockets by term, year and number of the case; that the forfeited recognizance was a paper filed in the case and not spread upon the record as a mortgage would be, and hence that a reference to the office, the number, term and year of the case, as in the precipe herein, was all the notice the record of the case would admit of and was a full compliance with the rule of court.

The court overruled the claim of the defendants, and ordered them to file a sufficient affidavit of defense within thirty days, or else rule for judgment to be made absolute.

Thereupon defendant Rosenzweig filed the following affidavit of defense, within the time prescribed therefor:

### Affidavit of Defense.

Erie County, *ss.*

L. Rosenzweig, being duly sworn, doth depose and say that he has a just and legal defense to the plaintiff's cause of action in manner following, to wit:

That it is not true that J. J. Sturgeon and L. Rosenzweig, on the 19th day of October, 1885, or at any other time, were charged with receiving money as an officer of the Humboldt Safe Deposit & Trust Company, before Selden Marvin, city recorder.

That it is not true that said L. Rosenzweig and J. J. Sturgeon became bound unto the commonwealth of Pennsylvania in the sum of $2,000, as alleged in plaintiff's action, Selden Marvin having no authority to take and forfeit recognizances, there being no such officer known under the Constitution of the state of Pennsylvania as a city recorder, and there being no such valid office, as he verily believes and expects to be able to prove.

And further answering, deponent alleges that this court has no jurisdiction in the matter.                    Louis Rosenzweig.

Sworn to, etc.

The court adjudged that this affidavit was insufficient, and made the rule for judgment absolute.

Thereupon defendant took this writ, assigning for error the action of the court: (1) In deciding that under the rules of court an affidavit of defense was required in the case; (2) in not deciding that the scire facias was defective, in not reciting and alleging the authority of the officer to take the alleged forfeited recognizance; (3) in holding that the common pleas court had jurisdiction of the case.

The statutory provisions in reference to jurisdiction of suits on forfeited recognizances, material to the present case, are as follows:

Acts of Assembly Placing Jurisdiction in the Common Pleas Courts.

All recognizances forfeited in any court of quarter sessions of the peace within this commonwealth, or in the sessions held for the city of Philadelphia, shall and may be sued for and be recoverable in the court of common pleas of that county in which the said recognizances shall be forfeited respectively; which courts may, and are hereby empowered to, order the said recognizances to be levied, moderated, or remitted, on hearing the circumstances of the case, according to equity and their legal discretion.

Approved December 9, 1783.

The respective courts of common pleas of the several counties of this commonwealth shall have jurisdiction in all suits which may have been or which may hereafter be brought in such courts on a forfeited recognizance, notwithstanding that the said recognizance may not have been entered into or forfeited in the county in which such suit may be instituted: Provided always, That nothing herein contained shall give authority to any court to remit or mitigate any forfeited recognizance, unless the said recognizance has been forfeited in the court to which an application or petition to remit or mitigate the same shall be made.

Approved March 30, 1821.

Acts of Assembly Giving Jurisdiction to Quarter Sessions of Philadelphia Courts.

The court of general quarter sessions of the peace of the county of Philadelphia, . . . shall have full power and authority to issue process on all forfeited recognizances whatso-

ever, now or hereafter forfeited in said court, and in the court of oyer and terminer, holden by the judges of the said court of quarter sessions, now or hereafter forfeited in the said courts, and to prosecute the same to final judgment and recovery; and to moderate or remit the same, as effectually as the several courts of common pleas of this commonwealth now may or can do; and that the fees for services rendered by the clerk of the said court of quarter sessions, shall be the same as prescribed for prothonotaries of the courts of common pleas for like services.

Approved April 4, 1837.

All recognizances of bail, for the appearance of anyone charged with a criminal offense, which are or shall be forfeited, before the court of oyer and terminer and general jail delivery, and quarter sessions of the peace, in the city and county of Philadelphia, which have been or shall be taken before either of the judges of the said court, or before any alderman or justice of the peace for the said county, and returned to the said court, shall be sued and prosecuted in the said court, and in no other court; and that the fees and commissions, for services rendered by the clerk of the said court, shall be the same as those prescribed for the prothonotaries of the courts of common pleas, for like services.

Approved April 22, 1846.

An Act Relating to Bonds and Recognizances of Bail, in the Court of Quarter Sessions of Erie County.

Sec. 1. Be it enacted, by the Senate and House of Representatives of the commonwealth of Pennsylvania in general assembly met, and it is hereby enacted, by the authority of the same, that all and singular the authority, jurisdiction, and privileges, which are now by law vested in the court of quarter sessions of the peace, of the city and county of Philadelphia, and county of Allegheny, in so far as the same have relation to, and power over, all bonds and recognizances of bail, and the mode and manner of collecting the same, forfeited in the courts of oyer and terminer and general jail delivery, and quarter sessions of the peace, in and for said city and county of Philadelphia, and said county of Allegheny, be and the same are hereby extended to the courts of oyer and terminer, general jail delivery and quarter sessions of the peace, in and for the county of Erie.

Approved February 27, 1865.

An Act to Amend an Act, Approved February 27, 1865, Entitled "An Act Relating to Bonds and Recognizances of Bail, in the Court of Quarter Sessions of Erie County."

Sec. 1. Be it enacted, by the Senate and House of Representatives of the commonwealth of Pennsylvania in general assembly met, and it is hereby enacted, by the authority of the same, that it shall be the duty of the clerk of the court in which any judgment is obtained, under the provisions of the act to which this is a supplement, to certify, to the prothonotary of the court of common pleas of said county of Erie, the date and amount of any such judgment, in the judgment docket of the court of common pleas, aforesaid, with like force and effect as if said judgment was originally recorded in said court of common pleas; and the same fee shall be charged for entering said judgment as is charged for similar services in the common pleas.

Approved April 16, 1866.

*G. A. Allen* for plaintiffs in error.

*Clark Olds* for defendant in error.

PER CURIAM:

Prior to the act of February 27, 1865, relating to suits on recognizances in the county of Erie, the court of common pleas had jurisdiction of forfeited recognizances. That act provides that all bonds and recognizances of bail, "forfeited in the courts of oyer and terminer and general jail delivery, and quarter sessions of the peace" shall be sued and prosecuted in the said court; and in no other court.

The recognizance in question was taken before the recorder of the city of Erie, was there duly forfeited, and then certified to the quarter sessions. Suit was brought on the recognizance in the common pleas, and the court below held that it had jurisdiction. In this the learned judge below was right. The act of 1865 is confined to recognizances forfeited in the oyer and terminer and quarter sessions. As this recognizance was forfeited before the recorder, the jurisdiction of the common pleas is not taken away by the act of 1865.

Nor is there anything in the affidavit of defense to prevent judgment. The first paragraph refers to a clerical error of little importance, and amendable below or here; while the second

merely avers that the office of city recorder is not a valid office. That question cannot be tried in this proceeding. He is a *de facto* officer and that is enough.

Judgment affirmed.