## Commonwealth *v.* Weber, Appellant.

*Appeals—Interlocutory order — Overruling demurrer — Indictment—Criminal law.*

An order overruling a demurrer to an indictment in a criminal suit and directing defendant to plead, is an interlocutory order from which no appeal lies.

Argued March 14, 1916. Appeal, No. 386, Oct. T., 1915, by defendant, from order of Q. S. Philadelphia Co., March T., 1915, No. 694, overruling demurrer in case of Commonwealth v. Lercy Weber. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Appeal quashed.

Indictment for an attempted subordination of perjury.

*Error assigned* was in overruling demurrer to indictment directing the defendant to plead.

*Joseph Hill Brinton,* with him *Donald Spencer Edmonds,* for appellant.

*Charles E. Bartlett,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

PER CURIAM, April 17, 1916:

The indictment charges the defendant with attempted subornation of perjury. A demurrer was filed in which the defendant added "saving to himself all manner and benefit of technicalities, and especially the right to plead to the indictment and a trial by his peers and the law of the land, in the event that the said demurrer should not be sustained." The court "overruled the demurrer; the defendant was directed to plead to the indictment." The contingency anticipated by the defendant is now presented, and his plea to the indictment is directed by the court in answer to his prayer. The decree as entered, is interlocutory only, from which an appeal does not lie. No appeal can be taken from a judgment or decree which is not a final disposition of the matter in controversy. The effect of the court's decree is that the offense is sufficiently charged in the indictment to require a plea, and whether or not he is guilty depends solely upon the proof at the time of trial. In Commonwealth v. Gabor, 209 Pa. 201, the whole record of the trial was before the court, and the question considered was a purely legal one, while in this case it may be dependent on one of law and fact joined: Richardson v. Richardson, 193 Pa. 279; Leedom v. Philadelphia, Etc., St. Ry. Co., 217 Pa. 278.

The appeal is quashed, with a procedendo.