Commonwealth of Pennsylvania v. Gates, Appellant.

592

Argued March 10, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Geo. F. Whitmer,* and with him *A. A. Geary,* for appellant.

No appearance and no printed brief for appellee.

Opinion by Keller, J., April 18, 1930:

Defendant was arrested for violating section 1025 (a) of the Vehicle Code of 1929 (P. L. 905) in failing to stop after being involved in an accident resulting in injury to person and damage to property; and was brought before R. L. R. Snyder, burgess of Shippenville Borough for a hearing. He waived a hearing and entered bail for his appearance at the next court of quarter sessions. After the transcript and recognizance

were returned to the clerk of the court, but before indictment found, he moved the court of quarter sessions to quash the proceedings on the ground that the committing magistrate (See p. 908 of the Vehicle Code) was without jurisdiction to bind the defendant over to court. The court granted a rule, which after hearing was discharged. Defendant appealed.

There is authority for the position that one claiming to be held in custody under an illegal commitment can only raise the question by writ of habeas corpus. In Chitty on Criminal Law the learned author says: "When a person thus committed is advised that his commitment is illegal, or that he is entitled to be discharged or bailed by a superior jurisdiction, he may obtain relief by writ of habeas corpus, and the proceedings thereon, which is the only course of proceeding, as a certiorari cannot be obtained." (Vol. 1, pp. 118-119.) In Hale's Pleas of the Crown, Vol. 2, p. 144, it is said: "And if it appears upon the return, [to the writ of habeas corpus] that the party is wrongfully committed, or by one that hath not jurisdiction, or for cause for which a man ought not to be imprisoned, the privilege shall be allowed, and the person discharged from imprisonment; or if it be doubtful, he may be bailed to appear in the court of King's Bench, which hath conusance of the crime returned." See also 3 Blackstone's Comm. 136. In York City v. Hatterer, 48 Pa. Superior Ct. 216, where the defendant was arrested without warrant or summons for violation of a city ordinance and, after summary conviction before the mayor, an appeal was allowed to the quarter sessions, which sustained the conviction, this court, speaking through the late President Judge Porter said, "The defendant might have raised any question touching the legality of her arrest upon a proceeding to be discharged from custody, but having voluntarily come into the court below and presented her petition for the allowance of an appeal, she is not now

in position to raise such questions." See also Com. v. Brennan, 193 Pa. 567; Com. v. Ketner, 92 Pa. 372; March v. Com., 10 Sadler 479, 483; Com. v. Dingman, 26 Pa. Superior Ct. 615, 619; Com. v. Hans, 68 Pa. Superior Ct. 275, 277; Com. v. Taylor, 65 Pa. Superior Ct. 113, 119; Com. v. Keegan, 70 Pa. Superior Ct. 436, 438. The effect of giving bail is referred to in Respublica v. Arnold, 3 Yeates 263; Stallings v. Splain, 253 U. S. 339, 343; Com. v. Mazarella, 86 Pa. Superior Ct. 382, 384; Com. v. Magid & Dickstein, 91 Pa. Superior Ct. 513, 516; Sturgeon v. Com., 10 Sadler 305.

We are not required to pass upon this question, however, for the appeal is from an interlocutory order and in the absence of a statute authorizing it, cannot stand. The Act of March 31, 1860, P. L. 427, Sec. 33, provided: "Every person *indicted* in any court of quarter sessions, ...... may remove the indictment, and all proceedings thereon, or a transcript thereof, into the Supreme Court by a writ of certiorari, or a writ of error, as the case may require." By the Act of May 19, 1897, P. L. 67, regulating the practice, bail, costs and fees on appeals to the Supreme Court and Superior Court, as well as by the Act of June 24, 1895, P. L. 212, establishing this court, our jurisdiction as respects appeals in criminal cases seems to be limited to appeals from sentences or final judgments. And in Com. v. Weber, 63 Pa. Superior Ct. 75, 76, the court quashed an appeal from an order overruling a demurrer to an indictment, saying "No appeal can be taken from a judgment or decree which is not a final disposition of the matter in controversy." In Com. v. Kephart, 80 Pa. Superior Ct. 315, we held that an order of the court of quarter sessions refusing a motion to quash the indictment was an interlocutory one from which no appeal lay, until after conviction and sentence. This was in accord with the statement of the Supreme Court in Petition of M. S. Quay, 189 Pa. 517, 542, where it was said: "The orders overruling the

demurrers and refusing to quash are merely interlocutory, and no right of appeal therefrom, to any court, lies until after conviction and sentence.'' If an order refusing to quash an indictment is interlocutory, so is one refusing to quash the proceedings prior to indictment.

The appeal is quashed, with a procedendo.