Commonwealth *v.* Greenberg, Appellant.

Argued April 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John L. DuBois,* with him *Wilbur H. Van Dine,* for appellant.

*Edward G. Biester,* District Attorney, with him *Willard S. Curtin,* Assistant District Attorney, for appellee.

OPINION BY RHODES, J., June 27, 1939:

This is an appeal by defendant from an order of the court below, dismissing defendant's petition for release from his recognizance and discharge without day, and discharging the rule granted thereon. Defendant was charged with having committed arson, and on information a warrant was issued by a justice of the peace before whom he was given a hearing. He was held for trial at the next term of criminal court, and committed to the Bucks County prison to await trial.

On the same day, defendant gave bail for his appearance "at the next court of Oyer and Terminer and General Jail Delivery ......, and to abide and not depart said Court without leave, and appear at the next term of Criminal Court, at the December Sessions, A. D., 1938, or when duly notified to appear ......" Defendant then presented a petition for rule to show cause why he should not be released from his recognizance and discharged without day; the court granted a rule thereon; the Commonwealth filed its answer; and defendant filed a replication. The court below dismissed the petition and discharged the rule. Defendant has appealed.

The petition averred, and the answer admitted, that the justice of the peace, before whom the hearing was held, did not ask for the names and addresses of any persons whom defendant desired to be notified of the time of his trial. Consequently, the transcript filed by the justice of the peace failed to show that any such request was made, and no such names and addresses were noted upon the record and made part of the transcript. Defendant's petition was based upon the Act of 'July 10, 1935, P. L. 643, No. 228, 19 PS §§29, 30, which reads as follows:

Section 1. "Whenever any magistrate, alderman, or justice of the peace, after hearings, holds any person, accused of any violation of any law or laws of the Commonwealth, for the action of the grand jury, such magistrate, alderman, or justice of the peace shall ask such person for the names and addresses of any persons whom he or she desires to be notified of the time of his or her trial, and, when given such names and addresses, shall be noted upon the record and made part of the transcript returned by said magistrate, alderman, or justice of the peace, as required by law."

Section 2. "The district attorney of the county, wherein such hearing was held, shall, before the time fixed for the trial of such person, mail postal card notice or notices, of the time and place fixed for such trial, to

at least one of the persons, whose names appear upon such transcript, to the address or addresses given thereon."

It is defendant's contention that the failure of the justice of the peace to comply with the provisions of this statute required the court below to make absolute the rule. Defendant, by his petition and rule, has sought to question the validity of the proceedings before indictment was found;[1] but the order of the court below dismissing the petition and discharging the rule was not a final judgment from which an appeal lies to this court. In order for us to entertain defendant's appeal from the interlocutory order of the court below, it would be necessary to find authority in some act of the legislature. We find none. See *Com. v. Gates*, 98 Pa. Superior Ct. 591. In *Com. v. Weber*, 63 Pa. Superior Ct. 75, we held that no appeal can be taken to this court from a judgment or decree which is not a final disposition of the matter in controversy. See, also, *Com. v. State Treasurer (No. 1)*, 80 Pa. Superior Ct. 315; Petition of *M. S. Quay et al.*, 189 Pa. 517, 542, 42 A. 199. If convicted and sentenced, on appeal, defendant, having taken an exception to the dismissal of his petition and the discharge of the rule issued thereon, may assign as error the action of the court below.

Although, for the reasons given, the appeal must be quashed, we have examined the facts presented by defendant, and are convinced that there is no merit in his position. We think that, under the facts in this case, the court below made a proper disposition of defendant's petition and rule. The record discloses that defendant was represented at the hearing before the justice of the peace by counsel whose name and address

[1] See *Com. v. Lingle*, 120 Pa. Superior Ct. 434, 182 A. 802; *Com. v. Brennan*, 193 Pa. 567, 44 A. 498; *Com. v. Dingman*, 26 Pa. Superior Ct. 615, 619; *Com. v. Hans*, 68 Pa. Superior Ct. 275; *Com. v. Keegan (No. 1)*, 70 Pa. Superior Ct. 436, 438; *Com. v. Fedulla*, 89 Pa. Superior Ct. 244, 246; *Com. v. Murawski*, 101 Pa. Superior Ct. 430, 431.

are stated in the transcript. On the day of his commitment he gave bail to appear at a definite term of court, and was released. Defendant's petition does not aver that he was prejudiced or injured by the action of the justice of the peace. The Act of 1935, 19 PS §§29, 30, relates to a procedural duty of a justice of the peace, and in no way pertains to his jurisdiction in criminal cases. The title of the act is: "An Act Relating to criminal procedure; imposing upon magistrates, aldermen, and justices of the peace conducting preliminary hearings, the duty of obtaining names of persons, whom defendants desire notified of time of trial; and imposing upon the district attorney, the duty of notifying one of such persons." Defendant asks his discharge because of the failure of the justice of the peace to perform this duty, to which neither he nor his counsel called the attention of the justice at the time. They remained silent, and now seek to take advantage of the error without an allegation of any injury or prejudice as the result thereof. The obvious purpose of the act is to protect defendants from being called to trial without notice. Defendant does not allege that the omission by the justice of the peace has resulted in his being confronted with such a situation. The court below in its opinion has, we believe, well stated the purpose sought to be accomplished by this legislation: "As we view the act, it is merely a procedural act and not jurisdictional in its effect. Its evident purpose was to protect a defendant, particularly if committed to jail without bail, from the danger of not being prepared for trial because of lack of notice as to the date for which it was set, or, if out on bail, to protect him against the danger of having bail forfeited and bench warrant issued for failure to appear due to lack of such notice."

On the facts averred in his petition, defendant has suffered no injury or prejudice, he has been deprived of no substantive right, and he has shown no such defect in the proceedings before the justice of the peace as would justify his discharge by the court below.

The appeal is quashed, with a procedendo.