## Commonwealth ex rel. Althouse v. Dressel

*James C. Lanshe*, for relator.

*Kenneth H. Koch*, district attorney, for Commonwealth.

HENNINGER, P. J., December 19, 1949.—Defendant was apprehended on September 1, 1949, charged with larceny and receiving of some tools stolen from four different stores on six or seven occasions. These tools were found hidden in the woods at the place designated by defendant, who confessed that he had stolen some and had received other tools, knowing them to have been stolen.

For an undivulged reason, no preliminary hearing was held until October 7, 1949, whereupon relator was bound over for court and committed to jail for want of bail. Meanwhile our grand jury for September sessions had met on September 26th and had been discharged on September 30th and the above-captioned writ of habeas corpus was issued on October 4, 1949. At the hearing on October 10, 1949, a prima facie case of relator's guilt was made out.

At the habeas corpus hearing relator's counsel moved for his discharge because his preliminary hearing was

not held within 30 days of his arrest nor returned to the next session of court after his arrest and requested the right to place the matter on an argument list for disposition of that motion. His counsel cites Commonwealth v. Sweetlick, 19 Dist. R. 397, as authority for his proposition and a study of that case would indicate that it sustains his position.

The Sweetlick case has been cited several times but has not been followed excepting in an extreme case (Commonwealth v. Kohle, 2 Luz. 329) in which a return was withheld for five terms of court. On the other hand in Com. v. Recupero, 44 D. & C. 136, where a magistrate violated the provision that a transcript upon waiver of hearing in a motor vehicle violation shall be returned within 15 days, the court held that the provision was directory and not mandatory and that the delay did not vitiate the proceedings.

In a violation for a misdemeanor created by The Vehicle Code it was held that failure to return the case to the next term does not invalidate the prosecution: Com. v. Berkman, 27 Dist. R. 930; Com. v. Hape, 53 D. & C. 197. See Sadler on Criminal Procedure, sec. 125.

There are many appellate court cases which hold that a defendant may move for discharge from recognizance or from confinement for irregularities in his arrest: Com. v. Brennan, 193 Pa. 567; Com. v. Keegan, 70 Pa. Superior Ct. 436; Com. v. Lingle, 120 Pa. Superior Ct. 434; Com. v. Murawski, 101 Pa. Superior Ct. 430; Com. v. Greenberg, 136 Pa. Superior Ct. 32; Com. ex rel. Geisel v. Ashe, Warden, 165 Pa. Superior Ct. 41. In none of these cases or in any other appellate court cases that we have found was defendant actually discharged for that reason, after his guilt had been established. Either the application for discharge came after indictment found or, on the merits, defendant was not entitled to discharge.

Certainly the delay in conducting a preliminary hearing was inexcusable and would have been greatly prejudicial to defendant's rights, had no prima facie case been proven. By this time, however, both the justice and this court have found probable cause to hold defendant for trial and it would be absurd to dismiss the prosecution simply because the term has passed. Relator could have caused a writ of mandamus to issue to compel a hearing, he could have brought his writ of habeas corpus earlier if he thought there were no grounds for the prosecution or he could have furnished bail.

The holding over of a case from one term to the next is not considered prejudicial for the only penalty under section 54 of the Act of March 31, 1860, P. L. 427, 19 PS §781, for failure to try at the next session of court is that the prisoner may be released upon bail. Even under the "two-term" rule providing for discharge of the prisoner from imprisonment if without cause he is not tried the second term after his commitment, the charge remains open and defendant may thereafter be tried thereon: Com. v. Mitchell, 153 Pa. Superior Ct. 582, 587, affirmed 349 Pa. 559; Com. v. Halderman, 299 Pa. 198, 200.

We are not concerned here with problems arising out of cases where bail is taken for the next term and the case is returned to a subsequent term both as it affects the validity of the bail and as it prevents defendant from challenging the subsequent grand jury. The reasons for releasing bail and for the requiring notice to a defendant when his case will be heard do not apply when defendant is in prison. In our case, the very habeas corpus petition shows that relator knew his case was not presented to the grand jury in September and, since he has now had his preliminary hearing, that the case will be presented in January sessions. It has been

held that return to the present rather than to the next term is not prejudicial: Com. v. Magid and Dickstein, 91 Pa. Superior Ct. 513, 515.

Courts have held that while other deviations from prescribed procedure are not to be condoned, they do not entitle a defendant to discharge nor do they vitiate an indictment. So, although a justice fails to attempt to reconcile the parties to an assault and battery charge in violation of the Act of May 27, 1919, P. L. 306, 19 PS §21-22, that is no cause for quashing an indictment: Com. v. Murawski, supra; Com. v. Magliane, 19 Lehigh 23. Failure to endorse names and addresses of witnesses and to notify them as required by the Act of July 10, 1935, P. L. 643, 19 PS §29-30, is not grounds for quashing an indictment or for the discharge of a defendant, where he has not been prejudiced thereby: Com. v. Greenberg, supra; Com. v. Strohman, 30 D. & C. 505.

Under the circumstances, therefore, we find that the unusual delay in affording defendant a preliminary hearing was violative of the justice's duty under the law, but that it did not affect the validity of the proceedings nor entitle defendant to discharge from imprisonment awaiting trial, the opportunity to furnish bail having been offered him.

We have discussed the merits of relator's motions despite our grave doubt concerning the right of the court of common pleas in habeas corpus proceedings to dismiss a prosecution pending in the court of oyer and terminer, our sole jurisdiction being over the person of the prisoner.

Now, December 19, 1949, the petition of Foster Althouse for discharge from confinement and for dismissal of the criminal proceedings now pending against him is denied and unless bail is furnished in the total amount of $2,000, relator is remanded to the Lehigh County Prison to answer the charges against him.