Commonwealth, Appellant, *v.* Weinstein.

Argued March 25, 1954. Before ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J. and HIRT, J., absent).

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District

Attorney and *Richardson Dilworth,* District Attorney, for appellant.

*David Kanner,* for appellee.

OPINION BY WOODSIDE, J., November 15, 1954:

This is an appeal by the Commonwealth from the order of the Court of Quarter Sessions of Philadelphia releasing defendant from his recognizance and discharging him without day on the ground that the Commonwealth had not established a prima facie case at the hearing before the magistrate.

The only question presented to us is whether the defendant can attack the regularity of the magistrate's hearing on that ground after he has given bail "to wait the action of the Grand Jury," and is not in custody.

We think he cannot. He was therefore improperly discharged by the court below.

It has long been held that a defendant in a criminal case may not raise a question touching upon the legality of his arrest or the regularity of the proceedings before the magistrate after an indictment is found. *Com. v. Thomas Brennan,* 193 Pa. 567, 44 A. 498 (1899) ; *Com. v. Mallini,* 214 Pa. 50, 52, 63 A. 414 (1906) ; *Com. v. Dingman,* 26 Pa. Superior Ct. 615, 619 (1904) ; *York City v. Hatterer,* 48 Pa. Superior Ct. 216, 226 (1911) ; *Com. v. Hans,* 68 Pa. Superior Ct. 275 (1917) ; *Com. v. Keegan (No. 1),* 70 Pa. Superior Ct. 436, 438 (1918) ; *Com. v. Mazarella,* 86 Pa. Superior Ct. 382, 384 (1926) ; *Com. v. Fedulla,* 89 Pa. Superior Ct. 244, 246 (1926) ; *Com. v. Murawski,* 101 Pa. Superior Ct. 430, 431 (1931) ; *Com. v. Wideman,* 150 Pa. Superior Ct. 524, 527, 28 A. 2d 801 (1942).

These issues, usually raised by motions to quash indictments, led to numerous references in the above

opinions as to how questions of illegal arrest and improper procedure before the magistrate can be raised by a defendant in a criminal case. All such discussions are dicta.

In the *Keegan, Dingman* and *Murawski* cases, supra, it was suggested that a defendant may raise questions touching the legality of his arrest upon proceedings to be discharged from custody.

In the *Hans* case, supra, at page 277, the court said the defendant had made no attempt to be discharged "on the ground that he had been illegally committed or *held to bail.*" (Underscoring supplied) This is the first suggestion we could find in the cases that a defendant released on bail could raise this question.

In the *Fedulla* case, supra, at page 246, it was suggested that there was time prior to indictment "to challenge the legality of his arrest and being held for trial to answer the charge by a proceeding to be discharged from custody, or to be released from his recognizance and discharged without day."

In two cases, *Com. v. Greenberg,* 136 Pa. Superior Ct. 32, 7 A. 2d 33 (1939) and *Com. v. Gates,* 98 Pa. Superior Ct. 591 (1930) this court quashed appeals from the refusal of the court below to release defendants from their recognizances and discharge them without day on the ground that the order was not final. (Releasing the defendant as was done in the case at bar is, of course, a final order.)

In the *Greenberg* case, supra, this court, although discussing the merits of the case, made no reference to whether or not the question could be raised by such proceedings after bail had been entered.

In the *Gates* case, supra, what was said about the question now before us was again dicta, but unlike all the other cases cited above it shows that the question was specifically and carefully considered. Gates,

who was charged with a violation of the Vehicle Code of 1929, waived a hearing and entered bail for appearance at the next session of Quarter Sessions. Then before indictment he moved to quash the proceedings on the ground that the committing magistrate was without jurisdiction. Judge KELLER, although quashing the appeal, reviewed the authorities and pointed out that they seemed to support the conclusion that the only procedure to raise the question was by a writ of habeas corpus which, of course, could not be used when the defendant was out on bail.

In *Com. v. Hill*, 166 Pa. Superior Ct. 388, 393, 71 A. 2d 812 (1950) Judge FINE speaking for this court said: "It is clear that an infirmity in the arrest, if any there was, should have been raised in a proceeding to be discharged; having posted bond for appearance such defects must be deemed to have been waived."

In *Com. v. Montanero*, 173 Pa. Superior Ct. 133, 134, 96 A. 2d 178 (1953) the defendant had petitioned the court for a discharge prior to indictment, on the ground that his premises were searched under a concededly defective search warrant. This court said: "The court properly held that, having entered bail, appellee was not entitled to a discharge, and refused that prayer of the petition."

In *Com. v. Wier*, not reported but filed to No. 35 October Term, 1953 in this Court, the appeal from the refusal of the Berks County Court to grant a writ of habeas corpus was dismissed "as the relator is not confined in any institution." The Supreme Court denied an allocatur. At the time the petition for the writ was filed and refused, Wier was in prison in Berks County for failure to make payments on account of an order for the support of a child born out of wedlock, but before the case was heard by this court he had been released under promise to make weekly payments.

As the question has been frequently discussed, and language can be found to support both positions we feel we should make it clear that the illegality of the proceedings before a magistrate may not be questioned on a petition to discharge the defendant from his recognizance. This follows the conclusion of this court in the *Montanero* case, and follows the dictum of the *Gates* case, which alone among those containing dicta on the subject indicates that the specific question was in the consciousness of the court when the dictum was incorporated in the opinion.

Magistrates and not the courts of quarter sessions are charged with the responsibility of determining whether there is sufficient evidence to hold a defendant for court. It is their duty to use great care to see that no injustice is done. But, if, because they are not learned in the law or because they are human, a magistrate errs (as apparently happened here)[1] and holds a defendant who should not be held, a grand jury will soon be charged with the responsibility of determining whether there is sufficient evidence to make out a prima facie case. If the grand jury does not discharge the defendant he has a right to trial by jury before he can be sentenced for a misdemeanor or felony. With the rights of the accused thus safeguarded, the inconvenience of *continuing* bail, once entered, is not serious when weighed against the procedural difficul-

---

[1] It developed at argument that the defendant was accused of selling paregoric without a prescription which is not unlawful, and it was admitted by the District Attorney that the evidence presented before the magistrate was not sufficient to hold the defendant for court. However, these facts are not a part of the record. The issue, raised by petition and answer, is limited to whether the court of quarter sessions may, *while the defendant is free on bail,* inquire into the sufficiency of the evidence presented to the magistrate.

ties and delays created by permitting a court of quarter sessions to review the evidence presented before the magistrate to determine whether it was sufficient to warrant holding the defendant for the grand jury. The latter procedure would be detrimental to the administration of justice and would as often delay as hasten the ultimate discharge of an innocent defendant.

For one in custody it is an entirely different matter. His right to have the matter reviewed by a writ of habeas corpus is so fundamental, so necessary and so logical that we need not even discuss it.

Order reversed, the lower court to proceed in accordance with this opinion.