## Commonwealth v. Griffin

*Edward C. Boyle*, District Attorney, and *John G. Lehew*, Assistant District Attorney, for Commonwealth.

*Cyril D. Brain*, for defendant.

KENNEDY, J., December 18, 1956.—This matter is before us upon motion to quash the indictment of defendant upon charges of driving under the influence of liquor and of turning off vehicle lights to avoid identification: The Vehicle Code of May 1, 1929, P.L. 905, sec. 620(*f*) and (*g*), 75 PS §231. Although the magistrate's transcript indicates arrest by warrant, the Commonwealth concedes that this is erroneous and that defendant was arrested on view by the police of Whitehall Borough. Defendant's motion is based principally upon the failure of the arresting officer to furnish a copy of the information to defendant, as is required by The Vehicle Code under the circumstances: The Vehicle Code, May 1, 1929, P. L. 905, sec. 1203;

Act of June 22, 1931, P. L. 751, sec. 2, 75 PS §733.

If, as defendant contends, this omission raises a jurisdictional problem, it could, of course, be considered at any time. But in our opinion, furnishing a copy of the information is not essential to the jurisdiction of the magistrate or justice, and is a procedural matter only: Commonwealth v. Kline, 1 D. & C. 2d 17, at 22 (1954). Such matters cannot be examined into on a motion to quash. The principle has long been established and frequently reiterated by our appellate courts that after a defendant has been regularly indicted by a grand jury, it is then *too late* to raise the question of defects or irregularities in the preliminary or antecedent proceedings: Commonwealth v. Brennan, 193 Pa. 567 (1899) ; Commonwealth v. Poley, 173 Pa. Superior Ct. 331 (1953). See also Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382 (1956), where Judge Woodside reviews the historical development and purpose of preliminary hearings in general. On these authorities we must dismiss the motion.

In so ruling, however, we note the predicament which faces those in the position of defendant. Questions of illegal arrest or irregularities in preliminary procedure cannot now be raised; that much is settled. The problem is, when and how can such objections ever be raised. The question arises frequently, particularly in The Vehicle Code cases. In Commonwealth v. Pomrinke, 85 D. & C. 388 (1953), the Quarter Sessions Court of Bucks County was considering a " 'motion to quash proceedings prior to those before the committing justice of the peace, those before the committing justice of the peace, and those subsequent to the proceedings before the committing justice of the peace'," and seeking the discharge of defendant and his release from bail. After considering cases where the Superior Court had suggested a similar remedy, the court con-

cluded that such a motion was not available for the purpose sought, and dismissed it. In the course of his opinion, Judge Biester stated, at page 389:

"Perhaps there is no phase of criminal procedure so uncertain and confused as that having to do with remedies available to a defendant subsequent to his having been held for court and prior to the finding of a bill of indictment against him."

After a review of many cases on the subject, we agree. We have found no reported case where the particular proceeding used was sustained, but in each instance the court instead suggested a proceeding in which the question should have been raised, e.g., habeas corpus proceeding to be discharged or proceeding to be released from recognizance. In Commonwealth v. Weinstein, 177 Pa. Superior Ct. 1 (1954), the court reviewed other opinions where the remedies were suggested by dicta, and then ruled directly "that the illegality of the proceedings before a magistrate may not be questioned on a petition to discharge the defendant from his recognizance".

The authorities are somewhat conflicting on the effect of entering bail, some holding that bail merely guarantees the appearance of defendant, while more recent cases regard the giving of bail as a waiver by defendant of all irregularities in the arrest and preliminary proceedings. The Weinstein decision, supra, was based upon the fact that defendant was free on bail and not in custody, but the question involved was specifically limited to whether the court of quarter sessions could inquire into the sufficiency of the evidence presented to the magistrate. While answering this in the negative, the Superior Court did not rule that the giving of bail was a waiver of any and all preliminary defects, although some prior cases have done so by necessary inference. That is a hard rule,

as pointed out in Commonwealth v. Nelson, 79 D. & C. 65, 66 (1951). If any such waiver arises, it is certainly unintentional on the part of a defendant. The average layman considers the right to be admitted to bail as one of the fundamental legal rights, as indeed it is, guaranteed by Constitution (Article I, sec. 14), and by statute: Act of March 31, 1860, P. L. 427, sec. 7, as amended, July 2, 1941, P. L. 232, sec. 1, 19 P.S §51. The person giving bail has one objective, to be released for the time being from the confines of the jail, and it is not in his contemplation that he is thereby surrendering the right to object to illegal process or procedure, which right would be available had he remained incarcerated.

It would seem, from a review of the authorities, that the only safe course open to one in such a situation is to remain in jail, apply for writ or rule under the Habeas Corpus Act and only then apply, to the common pleas court, for bail upon the habeas corpus proceeding. See Act of May 25, 1951, P. L. 415, secs. 1, 5, 12 PS §§1901, 1905.

As to the particular defendant before us, even had he made his objection in another form, and timely, i.e., before action by the grand jury, he would in all probability have had no remedy. While fully cognizant of the difficult situation thus presented, we are bound by the clear decisions of the Supreme and Superior Courts, and will therefore dismiss the motion to quash. If the situation needs remedy, that must be done by the higher court, or by the legislature.

### Order

And now, December 18, 1956, it is ordered that the motion ex parte defendant to quash the indictment at no. 757, September sessions, 1956, be and the same is hereby dismissed.