Commonwealth ex rel. Levine *v.* Fair, Appellant.

300

Argued April 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before POWERS, J.

*W. Walter Braham,* for appellant.

*Sherman K. Levine,* with him *Orville Brown,* and *Frank O. Moretti,* for appellee.

OPINION BY RHODES, P. J., June 11, 1958:

This is an appeal from an order of the Court of Common Pleas of Lawrence County dated November 4, 1957, granting the prayer of relator's petition for a writ of habeas corpus and discharging him from custody.

Andrew L. Fair, a constable, arrested relator on October 30, 1957, on a warrant issued that day charging him with the crimes of forgery and uttering a forged instrument. The warrant was issued by an alderman on information made against relator and one Helen McCandless on October 29, 1957, by Ethel Rugh, private prosecutrix. After his arrest, while still in the custody of the constable and prior to a preliminary hearing, relator presented a petition for a writ of ha-

beas corpus to the Court of Common Pleas of Lawrence County. The court entertained the petition and released relator on his own recognizance. It fixed the next day for a hearing, and directed that notice be given to counsel for the private prosecutrix, to the respondent, Andrew L. Fair, and to the Attorney General of the Commonwealth of Pennsylvania, the latter having superseded the District Attorney of Lawrence County on September 1, 1957.

At the hearing on the petition there was produced on behalf of the Commonwealth the information and warrant, and the arrest of relator was established. The court below then ruled that under the Act of July 1, 1937, P. L. 2664, 12 PS §1892 et seq., it was incumbent upon the Commonwealth to go forward with evidence to show that a crime had been committed. After the initial ruling, however, the court continued the hearing from November 1 to November 4, 1957, in order to give the Commonwealth an opportunity to prepare its case. At the continued hearing the court again ruled that under the Act of 1937 the Commonwealth was required to establish by evidence that a crime had been committed, and that the case should go to the grand jury. The hearing judge did not sit as a committing magistrate; the court held that it had the right to hear testimony on the charges against relator under the Act of 1937 and determine whether a crime had been committed. The Commonwealth did not go forward although the court stated that it was incumbent upon the Commonwealth to do so. The Commonwealth took the position that this was not proper procedure at this stage of the proceeding. The court thereupon granted a writ of habeas corpus and discharged the relator. The regularity and validity of the information and warrant and the regularity of the arrest were not questioned.

The constable appealed. See *Com. ex rel. Gottschall v. Newcomet,* 18 Pa. Superior Ct. 508, 512.

The ground alleged in the petition for a writ of habeas corpus was that the arrest resulted from a political plot and had no foundation whatsoever. After the Commonwealth had concluded, relator offered to go forward in substantiation of the allegations in his petition. The court ruled that the relator could not present any testimony. The ultimate decision of the court discharged the relator and he has not appealed from the refusal to permit him to present testimony. It is not necessary for us to consider or pass upon such action of the court.

In the beginning it is well to recall that: "Every petition for a writ of habeas corpus filed by a person who is being deprived of his liberty presents the question: 'Hath this party probable cause to be delivered?' " *Com. ex rel. Wall v. Smith,* 345 Pa. 512, 516, 29 A. 2d 912, 913. See 3 Blackstone 132.

The sole question before us is whether the court below properly granted the petition and discharged relator because of the failure of the Commonwealth to go forward with the proofs of the crimes charged against him after it had established that the custody from which relator sought his discharge was founded upon a legal arrest.

The pertinent sections of the Act of July 1, 1937, P. L. 2664, are sections 1, 2, and 3, 12 PS §§1892, 1893, 1894.

Section 1 of the Act, 12 PS §1892, provides: "In all cases where writs of habeas corpus are granted, the judge granting the writ may inquire and examine into the facts of the case."

Section 2 of the Act, 12 PS §1893, provides: "Such examination into the facts of the case shall include an examination by the judge into all the proceedings held

and evidence produced before a judge, magistrate, justice of the peace, or other officer sitting as a committing judge or magistrate, and if such proceedings shall, after inquiry, be deemed to have been conducted not in accordance with law, or the evidence deemed insufficient, the prisoner shall be discharged."

Section 3 of the Act, 12 PS §1894, provides: "For the purposes of the inquiry, the records of all proceedings and testimony shall be available to the petitioner or his counsel for inspection in the court where the application is made, regardless of where the proceedings against the person detained are pending."

The court below was of the opinion that section 1 of the Act, which provides that "the judge granting the writ may inquire and examine into the facts of the case," means that the court, in the exercise of its sound discretion, may require the Commonwealth preliminarily to make out a prima facie case before it if the court believes that justice so requires.

It is essential to bear in mind that this habeas corpus proceeding was instituted by relator after he had been arrested but before a preliminary hearing had been held before the alderman, and that the detention involved in the inquiry was solely by virtue of the initial arrest. This was not a detention for court after the introduction of evidence before a committing magistrate. "The arrest is something prior to and apart from the proceedings held and evidence produced, which constitute the subject of inquiry prescribed by the Act." *Com. ex rel. DiDio v. Baldi*, 176 Pa. Superior Ct. 119, 126, 106 A. 2d 910, 913. The requirement of a hearing by the court in a habeas corpus proceeding under the Act of 1937 is not applicable to the prior arrest; it relates to the preliminary hearing before the magistrate to which it specifically refers. *Com. ex rel. DiDio v. Baldi*, supra, 176 Pa. Superior Ct. 119, 126, 106 A. 2d 910.

While the right of one in custody to have the matter of his commitment reviewed by a writ of habeas corpus is fundamental (*Com. v. Weinstein,* 177 Pa. Superior Ct. 1, 6, 109 A. 2d 235), the question on habeas corpus must be directed to the legality of the detention then in effect and from which release is sought. Thus, an application for a writ of habeas corpus is premature if it is made before the expiration of an admittedly valid sentence and questions only a sentence imposed, the service of which has not commenced. *Com. ex rel. Thompson v. Day,* 182 Pa. Superior Ct. 644, 646, 128 A. 2d 133. Habeas corpus is not to be used as a substitute for a preliminary hearing any more than it is to be used as a substitute for an appeal after a conviction.

In the first instance, magistrates and not the courts are charged with the responsibility of determining whether there is sufficient evidence to hold a defendant for court; and it is the duty of the magistrate to use great care to see that no injustice is done. *Com. v. Weinstein,* supra, 177 Pa. Superior Ct. 1, 5, 109 A. 2d 235. After a preliminary hearing is held the court may on a petition for a writ of habeas corpus under the Act of 1937, 12 PS §§1892, 1893, 1894, examine into the facts of the case, including all the proceedings and the evidence produced before the committing officer, to determine whether the evidence was sufficient to hold the relator and whether the proceeding was conducted in accordance with law. Prior to the preliminary hearing, however, the inquiry on habeas corpus is directed to the legality of the detention by the arrest. For example, if a man is arrested and committed on a warrant and information which do not charge criminal acts, or where the commitment after arrest is itself without any legal authority, the court on habeas corpus may inquire into those facts and may

discharge him prior to the preliminary hearing. See *Com. ex rel. Gottschall v. Newcomet,* supra, 18 Pa. Superior Ct. 508, 512. Unless matters of this nature or matters otherwise affecting the commitment or detention on the arrest are alleged and established, the court should not disturb the orderly processes of established procedure.

In its opinion the court below states that under article V, §9, of the Constitution of Pennsylvania, a judge of a court of quarter sessions may sit as a committing magistrate and require evidence to establish a prima facie case against a defendant. In *Com. ex rel. Wadsworth v. Shortall,* 206 Pa. 165, 178, 55 A. 952, 957, the Supreme Court stated: "This court, either sitting as a committing magistrate or by virtue of its supervisory jurisdiction over the proceedings of all subordinate tribunals (Gosline v. Place, 32 Pa. 520), has the authority and the duty, on habeas corpus in favor of a prisoner held on a criminal charge, to see that at least a prima facie case of guilt is supported by the evidence against him." See, also, *Williamson v. Lewis,* 39 Pa. 9, 28. The court in the present case, however, did not sit as a committing magistrate; it restricted the hearing to the habeas corpus proceeding under the Act of 1937.

The argument presented by relator is that, in the first place, the court was correct in directing that the Commonwealth present a prima facie case in the habeas corpus proceeding or relator would have to be discharged, and secondly that the court, by virtue of its supervisory power, could use the habeas corpus proceeding in the furtherance of the administration of justice. The authority of the court to exercise supervisory jurisdiction over the proceedings of a committing magistrate is not presently involved. There had been no proceedings before a magistrate, and no rea-

son is apparent in the petition or on the record for the exercise of such jurisdiction. The only process involved in the detention of this relator at the time of the habeas corpus proceeding was the information and warrant which apparently were proper in form and substance. The allegation in the petition that the charges against relator were without basis is not sufficient to warrant judicial intervention; this allegation could be made in every criminal case; defendants normally deny guilt before the magistrate and contest the sufficiency of the evidence produced by the Commonwealth. Likewise the allegation that the arrest was a political plot and without foundation affords no reason for judicial intervention at the present stage of the proceeding, at least not to the extent of requiring the Commonwealth to carry the affirmative burden of producing evidence prior to a preliminary hearing. Moreover, habeas corpus may not be used to test the motive of the person instituting the proceeding.[1] *Com. ex rel. Flower v. Superintendent of Philadelphia County Prison*, 220 Pa. 401, 409, 69 A. 916. In our opinion, the power of supervisory control over inferior magistrates did not permit the court below on habeas corpus initially to nullify or set aside the arrest of the accused made on a valid warrant in a criminal prosecution, which was issued on a sufficient information filed before a justice of the peace, alderman, or magistrate. Habeas corpus does not grant such "autocratic omnipotence." Obviously, there might be great abuse

---

[1] The court below in its opinion claimed that it was its duty to promptly examine the facts of the case because a preliminary hearing in the ordinary course of events would not have been held until after the general election, and since the circumstances surrounding the arrest of relator strongly suggested a politically inspired motive. The court of common pleas was not the proper forum for the determination of such matters.

of such procedure and the administration of the criminal law disrupted. The protection of the individual and the preservation of fairness do not require that the regular course of the criminal law be abandoned here.

The right to a writ of habeas corpus is not restricted to situations prescribed in the Act of 1937. It is a fundamental right under article I, §14 of the Constitution of Pennsylvania, and article I, §9, cl. 2 of the Constitution of the United States. In cases other than those governed by statute the court may act under the common law (*Williamson v. Lewis,* supra, 39 Pa. 9, 31; *Com. v. Gibbons,* 9 Pa. Superior Ct. 527, 533, 534); our courts always have the power to inquire into the lawfulness of the detention of an individual. "This is in accordance with the principles of the common law, by the provisions of which the writ of *habeas corpus ad subjiciendum* is the prerogative of the citizen; the safeguard of his person, and the security of liberty— no matter where or how the chains of his captivity were forged—the power of the judiciary in this state is adequate to crumble them to dust, if an individual is deprived of his liberty contrary to the law of the land." *Com. ex rel. Webster v. Fox,* 7 Pa. 336, 338. The common law writ of habeas corpus ad subjiciendum "may issue in all sorts of cases where it is shown to the court that there is probable cause for believing that a person is restrained of his liberty unlawfully or against the due course of law." *Williamson v. Lewis,* supra, 39 Pa. 9, 29.[2] On a habeas corpus pro-

---

[2] "Moreover, the principle has developed that the writ of habeas corpus should be left sufficiently elastic so that a court may, in the exercise of its proper jurisdiction, deal effectively with any and all forms of illegal restraint. The rigidity which is appropriate to ordinary jurisdictional doctrines has not been applied to this writ." *Price v. Johnston,* 334 U. S. 266, 283, 68 S. Ct. 1049, 92 L. Ed. 1356, 1368. See *Com. ex rel. Smith v. Ashe,* 364 Pa. 93, 119, 71 A. 2d 107.

ceeding the court is enabled to determine whether the commitment is contrary to the law of the land or against the due course of the law. Where the detention is by virtue of an arrest, the inquiry relates to the due and orderly nature of the processes of the law which resulted in the arrest. After a preliminary hearing, habeas corpus permits an examination of the evidence, because, without sufficient evidence, the commitment following the preliminary hearing would be contrary to the law of the land. *Williamson v. Lewis,* supra, 39 Pa. 9, 27, 29, 30. To inquire into the evidence on a habeas corpus petition prior to the preliminary hearing is not only anticipating that there will be a commitment, but that the committing officer will act contrary to law. The orderly processes of the law are not to be readily disregarded; the public has an interest in the proper administration of the criminal law.

Relator's application for a writ of habeas corpus was premature and has resulted in the unwarranted delay which he apparently sought to avoid. The court below should have refused the writ in the absence of a preliminary hearing, the information, warrant, and arrest being in order. The petition itself does not show an illegal confinement or restraint, and therefore there was no need for any hearing thereon. Although not involved here, under proper circumstances there may be a preliminary hearing before a judge sitting as a committing magistrate, as provided by the Constitution, at which the Commonwealth would be required to produce sufficient evidence to have a defendant detained and held for the grand jury. But we hold that the court below could not require the Commonwealth to produce this evidence on the habeas corpus proceeding under the Act of 1937 and prior to a preliminary hearing after relator's arrest.

After giving careful consideration to the record before us, we are unable to discover any legal justification for the discharge of relator in this proceeding. Besides, to sanction it would subject ordinary criminal proceedings to a new type of interference for which there is no authority.

The order of the court below discharging relator is reversed.