## Commonwealth ex rel. Thompson v. Hendrick (No. 1)

*Alphonso Thompson,* p. p., relator.

*Charles J. Bogdanoff,* assistant district attorney, for Commonwealth.

GRIFFITHS, J., June 10, 1963.—This matter comes before your honorable court on an appeal from an order of the undersigned dated April 19, 1963, denying relator's petition for a writ of habeas corpus.

Relator argued propria persona, having composed his own petition, some seven pages in length, sprinkled with Latin maxims and containing a multitude of citations. In his petition are various complaints about the unsympathetic behaviour of his bondsman, the uncomfortableness of police vans, and other irrelevant facts. The only averments having to do with the alleged illegality of his confinement are to the effect that there was insufficient evidence presented to the magistrate at his preliminary hearing to establish a prima facie case against him of larceny of an automobile, receiving stolen goods and operating a motor vehicle without the consent of the owner.

The record discloses that subsequent to his preliminary hearing, relator was, on January 21, 1963, indicted on the aforesaid charges.

Consequently, his confinement is now not based on the testimony offered to the committing magistrate, but rather that presented to the grand jury.

As was stated in Commonwealth v. Weinstein, 177 Pa. Superior Ct. 1, 2 (1954) :

"It has long been held that a defendant in a criminal case may not raise a question touching upon the legality of his arrest or the regularity of the proceedings before the magistrate after an indictment is found," . . . and the 10 cases therein cited.

In the light of this, the issue raised by relator became moot and since there are no other allegations contained

in the petition that could be deemed to support a charge of illegal confinement, we dismissed relator's petition.