## Commonwealth v. Robertson

*Kenneth E. Fox,* District Attorney, and *William R. Balph, Jr.,* Chief Assistant District Attorney, for Commonwealth.

*Joseph Solomon,* for defendant.

LYON, J., March 29, 1967.—Defendant filed a motion of a hybrid character which is entitled: "Motion to Quash Information in the Nature of Pre-Trial Application for Relief". Examination discloses it to be an attack upon the legality of the information against defendant filed by State Police Officer John P. Wherthey on February 9, 1967, in the office of Alderman Samuel Bassano.

Attached to this motion is a copy of the information, sworn to by Officer Wherthey, accusing defendant of violating subsection 8 of section 624 of The Vehicle Code of April 29, 1959, P. L. 58, as amended. The body of the information specifically asserts that defendant committed a fraud on October 6, 1959, by making a false statement in his application for a learner's permit when he answered "no" to the question: "Have you ever been convicted of any violation in the operation of a motor vehicle, or any crime in the commission of which a motor vehicle was involved?"

Defendant contends the information is legally bad for three reasons: (1) the applicable statute of limitations bars the prosecution of this action; (2) the information fails to comply with rule 106 of the Pennsylvania Rules of Criminal Procedure; and (3) the information does not set forth a cause of action.

Because this adjudication must be based upon other

considerations, these issues are not decided in this opinion. However, it should be noted that the amendment to rule 1 of Pennsylvania Rules of Criminal Procedure excludes from the scope of the criminal procedural rules summary offenses arising under The Vehicle Code. Significant also is the applicable statute of limitations found in section 1201 of the code, which holds that for violation of section 624(8), the limitation is 15 days after discovery that this section has been violated.

Defendant apparently was sent a notice together with a copy of the information, as required by The Vehicle Code. This notice requested defendant's appearance before the alderman within 10 days of the date thereof. But instead of appearing before the alderman as then requested, defendant filed with this court the motion here under consideration and thereby gained a stay of the alderman's proceedings against him.

Summary proceedings under The Vehicle Code are a creature of statute and were wholly unknown at common law. Accordingly, The Vehicle Code, which gave birth to the kind of summary proceedings here involved, must be examined to determine whether the procedure utilized by defendant is proper and permissible.

The code provides an option for a defendant charged in a summary proceedings with violation of The Vehicle Code. But in order to exercise this option, a defendant must appear and submit to the jurisdiction of the alderman's court. He may then make an election either to have the hearing before the alderman, or waive the summary hearing, post a proper bond, and appeal the proceedings to the court of quarter sessions: 75 PS §1205.

Where the alderman holds a hearing and renders a judgment, the procedure for invoking the jurisdiction of this court is set forth in Commonwealth v. Benson, 94 Pa. Superior Ct. 10, at page 13, where, in an opinion by Judge Keller, the Superior Court stated: "The prac-

tice relating to (1) appeals from summary convictions, and (2) their review on certiorari is well settled. If it is desired to attack only the regularity of the proceedings before the justice or alderman, this is done by a writ of certiorari to the Court of Common Pleas, and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, depending on whether the proceedings objected to are found to be legal and regular or not, and whether they sustain the conviction or not. But if an appeal is asked for, this is directed to the Court of Quarter Sessions and, if allowed, the case is heard de novo before a judge of that court".

In the instant case, it is evident that defendant neither appeared nor waived the right to a summary hearing before the alderman. It follows that defendant did not have a hearing or post a proper bond before the alderman. Defendant cites no statutory or case authority, and this court has found none, permitting invocation of the jurisdiction of court of quarter sessions under these circumstances. No importuning by defendant can cure his omissions to comply with the promulgated statutory procedures. This is merely an attempt to prematurely invoke the jurisdiction of this court, and must be dismissed by reason of procedural irregularity.

It is true that the court of common pleas is invested and charged with general supervisory powers over aldermen and justices of the peace. Also, a judge of the court of common pleas, under proper circumstances, may sit as a committing magistrate in criminal matters, as provided by article V, sec. 9 of the Pennsylvania Constitution: Gosline v. Place, 32 Pa. 520 (1859); Commonwealth ex rel. v. Veley, 63 Pa. Superior Ct. 489 (1916); Commonwealth ex rel. Wadsworth v. Shortall, 206 Pa. 165, 55 Atl. 952 (1903); Halderman's Petition, 276 Pa. 1, 119 Atl. 735 (1923). But these powers of

the court of common pleas should be used only in extraordinary circumstances for the protection of the individual. Preservation of fairness in the usual case does not require that the regular course of the criminal law be abandoned: Commonwealth ex rel. Levine v. Fair, 186 Pa. Superior Ct. 299, 144 A. 2d 395 (1958); reversed on other grounds, 394 Pa. 262, 146 A. 2d 834 (1958).

To assert jurisdiction over the matters raised in defendant's motion in the instant case, one in which there is nothing unusual or extraordinary, would create a dangerous precedent endangering the very existence of inferior tribunals as well as the benefits ordinarily expected from the orderly, usual criminal procedures. It would add to those forces which in many courts of the Commonwealth have already caused a troublesome backlog of cases. These considerations were involved in the case of Commonwealth ex rel. Hewitt v. Betoff, 89 D. & C. 9 (1953). Petitioner in that case asked the court of quarter sessions to quash a warrant. But the court held that the quarter sessions court had no jurisdiction of the petition before a magistrate rendered a decision on a similar motion. It is only where an unusual situation presents itself, and the one here under discussion indeed falls short of that category, that the judge of the court of common pleas or the court of quarter sessions is authorized to interfere before the arresting alderman has conducted a preliminary hearing to determine the matter before him: Commonwealth ex rel. Levine v. Fair, supra.

Defendant next suggests that if the prayer of the motion for quashing the information cannot be granted, that the motion be considered as an application for a writ of habeas corpus. But the great writ lies to inquire into the legality of an arrest and restraint. In the present case, there exists in the motion or elsewhere no allegation or other evidence that defendant was ever

arrested or restrained of his liberty by reason of the information before the alderman. Accordingly, the motion cannot be considered as a petition for a writ of habeas corpus: Commonwealth v. Green, 185 Pa. 641, 40 Atl. 96 (1898); Commonwealth ex rel. Maisels v. Baldi, 172 Pa. Superior Ct. 19, 92 A. 2d 257 (1952). Furthermore, under the circumstances here present, the court of common pleas, not the court of quarter sessions, has jurisdiction to issue the writ.

### ORDER OF COURT

And now, March 29, 1967, defendant's motion to quash the information is hereby dismissed. All costs of this proceeding shall be paid by defendant.

It is further ordered that all records and papers certified to this court by the alderman pursuant to the order of February 16, 1967, shall be returned to the alderman, who shall proceed therewith in the usual manner. All previous orders of this court staying proceedings before the alderman are hereby vacated.