## Samuel March, Plff. in Err., v. Commonwealth of Pennsylvania.

The powers of the judges of the courts of quarter sessions of the peace and the oyer and terminer in Pennsylvania include those of a committing magistrate.

Where a judge sits as a committing magistrate he should make a suitable record of his action, so that not only the order to hold to bail shall appear, but enough of the circumstances to show a reason for the order.

The informality of such record cannot be taken advantage of after plea and trial.

(Argued April 18, 1888. Decided May 21, 1888.)

July Term, 1887, No. 195, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Quarter Sessions of Blair County to review a judgment on a verdict against the defendant for costs in an indictment for perjury. Affirmed.

The facts and questions presented are stated in the opinion.

*Samuel S. Blair* and *N. P. Mervine*, for plaintiff in error.— The opinion of Judge KING, quoted in Wharton on Criminal Pleading and Practice, p. 226, and approved by this court,

Cited in *Re* Bucks County Prison, 15 Pa. Co. Ct. 569, 581; and in English v. Tioga County, 21 Pa. Co. Ct. 340, 344.

NOTE.—A judge may sit as committing magistrate, but the power should only be exercised in cases of necessity. *Re* Prothonotary, 9 Phila. 492. But he has no power, while so acting, to conduct a general investigation, where there is no definite charge against any specified person. Com. v. Smith, 185 Pa. 553, 40 Atl. 73.

limits this power to cases where the accused has fled the justice of the state or where a less prompt mode of proceeding might lead to the escape of the offender.

There was not the shadow of a prima facie case against March. He was simply contradicted by Silverman.

In Connor v. Com. 3 Binn. 38, the defendant was arrested by order of Judge COOPER, upon a rumor that he was passing counterfeit money and was about to flee from justice. He was convicted, and this court reversed the judgment upon the ground that the bill of rights had been violated.

In McCullough v. Com. 67 Pa. 30, the indictment was framed on the return of a constable,—held to have been regular.

In Rowland v. Com. 82 Pa. 405, the bill was ignored, and the district attorney on the same information sent a bill to another grand jury, which was sustained—held that the supreme court would only reverse for manifest abuse of the discretion of the district attorney.

*Martin Bell,* Dist. Atty., and *Aug. S. Landis,* for the commonwealth, defendant in error.—Section 8 of article 1 of the Constitution, who forbids the issue of warrants for search or seizure without probable cause, supported by an oath, has been so construed as to allow an indictment in many cases without preliminary information and hearing. This, it is true, is not to apply to every offense with which persons may be charged, but where the public peace may be disturbed by riots; where its comfort is destroyed by general nuisances; where such vices prevail and crimes are committed as tend to debauch morals and corrupt justice; and where the circumstances are extraordinary, or where there is criminal or contemptuous conduct in the view of the court—in such cases, for the safety of the people, and for its own protection, the court may act upon its own responsibility, and exercise a sound judicial discretion.

Here the facts were so pronounced that judicial notice was necessary. The court could compel no one to make a formal oath, on which a formal warrant might issue, and it could not await the pleasure of volunteers. It, therefore, in the exercise of its discretion, invoked its own extraordinary powers and directed a bill to be sent up three months hence. Had the offense been ordinary contempt, the judge could have punished summarily, or directed a bill to be sent up, "in which case

the state is the prosecutor, and not the judge." Wharton, Crim. Pl. & Pr. 960.

This is regarded as more lenient to the offender, and in this case the defendant was allowed ample time to avail himself of every right and privilege he could have enjoyed had the prosecution originated before an inferior magistrate.

In Com. ex rel. Winder v. Wetherhold, 2 Clark (Pa.) 485, the court held that the indictment charging a criminal offense may be found when sent to the grand jury by the attorney general without a previous oath and binding over, and that it is not prohibited by the Bill of Rights.

In McCullough v. Com. 67 Pa. 33, the constable made a return for a violation of the liquor law. On this the district attorney sent up a bill which, being found by the grand jury, defendant's counsel moved to quash. The court overruled the motion and directed the defendant to plead.

In Com. v. English, 11 Phila. 439, the court held that the district attorney had power to send to the grand jury a bill to punish certain violations of the election laws in Philadelphia without previous warrant, arrest, hearing, or knowledge on the part of the defendant, and, being returned a true bill, it was sustained by the court, on motion being made by defendant's counsel to quash.

In Brown v. Com. 76 Pa. 337, a prosecution for murder, the prisoner's counsel moved to quash the indictment, because it had been "sent to the grand jury by the district attorney without previous prosecution, hearing, or binding over." The court overruled the motion.

In Rowand v. Com. 82 Pa. 405, the court holds that while the district attorney possesses this power, it is "under the supervision of the court," thus implying the possession of the same, and even superior, powers by the court.

But in the case in hand there was an oath to support the arrest and indictment. The examination of Silverman was in the nature of a hearing. March was present with his counsel, Silverman was there confronting him, upon his oath, and "face to face." The perjury, if committed, was in the presence of a committing magistrate; and directing Silverman's sworn statement to be taken down and filed, that magistrate orders March, who is there in his presence, to enter into recognizance to appear at the next sessions and answer a charge of perjury.

The court below exercised its discretion in pursuance of a

power lodged in the court. This court will not interfere with this discretion. Rowand v. Com. 82 Pa. 408.

A refusal to quash an indictment is not the subject of error. Wharton, Crim. Pl. & Pr. § 387.

OPINION BY MR. JUSTICE WILLIAMS:

The plaintiff in error testified to the service of a subpœna from the quarter sessions upon one Silverman, requiring him to attend as a witness in a pending cause. Upon the proof of service thus made, an attachment was issued against Silverman, and he was arrested and brought into court. When he was examined as to the reason of his disobeying the subpœna he testified that he had never been served in any manner and satisfied the court that the testimony of March was untrue. The judge thereupon made an order requiring March to give bail for his appearance to answer the charge of perjury, and at the same time directed the district attorney to present to the grand jury an indictment against him for that offense.

March gave bail for his appearance, and an indictment against him was returned by the grand jury "True bill" at the next term of the court. When the case came to trial before a traverse jury, the defendant was acquitted of the perjury; but the costs of the prosecution, amounting to several hundreds of dollars, were imposed upon him by the verdict.

The questions now raised relate to the power of the judge to make the order, and to the validity of the verdict and sentence upon the indictment directed by him.

The powers of the judges of the court of quarter sessions of the peace and the oyer and terminer in Pennsylvania include those of a committing magistrate. It rarely happens that a necessity presents itself for the exercise of this power; but it exists, and is as old as the common law. It is a necessary and salutary power, and its exercise upon proper occasions has been of great importance to the proper administration of the criminal law.

Where, however, a judge sits as a committing magistrate he should be careful to make a suitable record of his action, so that not only the order to hold to bail shall appear, but enough of the circumstances to show a reason for the order. If made during the sessions of the court, the commitment should be entered upon the minutes by the clerk. If it is made at chambers, it should be reduced to writing and filed with the clerk that it may

serve the same purposes as if it had been made by a justice of the peace or returned by him.

The defendant has the same right to have the commitment examined on motion for his discharge or on habeas corpus in the one case as in the other; and the order should contain all the essentials necessary for the information of the district attorney and the court.

The entry made in this case is informal, but the defendant complied with it without objecting to its want of form. He denied the power of the judge to make the order in any form and asked the court to vacate it. In this position he was mistaken. The power exists. The propriety of its exercise in any given case is a question which the judge must determine in view of all the circumstances; and we cannot review his actions or supervise his conclusions in matters of this sort. If a justice of the peace returns a transcript of his proceedings in a criminal case that is defective in form, the defect is taken advantage of on motion for the discharge of the defendant or to grant the commitment; but after an indictment has been found, the defendant pleaded to it, and a verdict rendered by a jury, it is too late to object to the form or the commitment of the proceedings before the justice. Precisely the same thing is true of a commitment ordered by a judge. Objections relating to matters of form must be raised at the proper time, or they will be regarded as waived. After plea and trial we can no more look into this commitment than if it had been made by a justice of the peace.

The judgment is affirmed.