Commonwealth, Appellant, *v.* Rose.

51

Submitted December 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William T. Nicholas*, Assistant District Attorney, with him *Richard A. Devlin, Henry T. Crocker* and *George W. Tracy*, Assistant District Attorneys, *Parker H. Wilson*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellant.

*Vincent A. Cirillo*, for appellee.

OPINION BY SPAULDING, J., March 20, 1969:

This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Montgomery County quashing an indictment of perjury against appellee Joseph Rose.

On June 20, 1967, appellee was tried on charges of fornication and bastardy, the jury returning a verdict of acquittal. In his defense, appellee testified that he could not have engaged in intercourse with the prosecutrix in February 1964 because he was enrolled in an

Army training course in Aberdeen, Maryland from February 2, 1964, until March 20, 1964. In rebuttal, the Commonwealth presented the Sergeant responsible for Pennsylvania Army National Guard personnel records who testified that the records indicated appellee had received his final discharge from the Army about 5 months prior to his alleged attendance in the training course. At the close of the trial, the District Attorney requested the trial judge to sit as a committing magistrate and hold appellee on a charge of perjury based on the conflict in testimony. Over the objection of appellee, this request was granted and appellee was held for court on $100 bail. Appellee's subsequent indictment for perjury was quashed by the court below, precipitating this appeal by the Commonwealth.

The court below granted appellee's motion to quash the indictment on the grounds that the perjury statute did not apply to false statements given under oath to influence a jury verdict, that appellee could not be indicted for perjury after having been acquitted, and that the trial judge acting as committing magistrate failed to comply with the Rules of Criminal Procedure relating to pre-indictment proceedings. We hold that the court below erred in quashing the indictment.

The perjury statute provides:

"Whoever wilfully and corruptly makes false oral or written statements, or testimony upon oath or affirmation, legally administered either before any committee of the legislature, or in any judicial proceeding, matter or cause which may be pending in any of the courts, or before any judge, magistrate or mayor, or before any arbitrator, prothonotary, clerk, notary public, commissioner or auditor, . . . or preparatory and for the purpose of obtaining any rule or order of court, or of a judge or arbitrator, . . . is guilty of perjury." Act of June 24, 1939, P. L. 872, §322, 18 P.S. §4322.

The court below held that the perjury statute did not apply to the instant case because perjury must be "for the purpose of obtaining any rule or order of court." Properly construed, this language is not read as an absolute condition for the commission of perjury, but as one of several situations in which a false statement may constitute perjury. Perjury is committed by any person who wilfully makes a false sworn statement before any legislative committee, in any judicial proceeding, before any judge or other court officer, *or* for the purpose of obtaining a rule or order of court. This construction comports with the meaning of the Act and with the judicial interpretation given it by the rule that perjury is proven if "(1) the oath was false; (2) the intention wilful; (3) the proceedings judicial; (4) the party lawfully sworn; (5) the assertion absolute and (6) the falsehood material to the issue." *Commonwealth v. Yanni*, 208 Pa. Superior Ct. 191, 194, 222 A. 2d 617 (1966). We find that the perjury statute applies to false statements given to influence a jury verdict.

The court below also ruled that it was error to hold appellee for perjury after he had been acquitted of fornication and bastardy. Although this appears to be a question of first impression, the Supreme Court has suggested in dicta that acquittal is not a bar to prosecution: "The offense of perjury is committed and completed at the time the false testimony is given, regardless of the outcome of the proceeding in which it occurs." *Commonwealth v. Hilton*, 265 Pa. 353, 355, 108 A. 828 (1919). Courts in other jurisdictions have generally ruled that a criminal defendant may be indicted for perjury subsequent to an acquittal in the proceedings, in which the false testimony was given. *People v. Housman*, 44 Cal. App. 2d 619, 112 P. 2d 944, *cert. denied*, 314 U.S. 660 (1941); *Slayton v. Commonwealth*, 185 Va. 371, 38 S.E. 2d 485 (1946).

In the instant case, the jury finding could well have been based upon factors other than a resolution of the conflict in testimony relating to appellee's army discharge. The Commonwealth's case was not notably strong and, as the court below noted, "[t]he jury might have disbelieved the defendant as to his whereabouts in the Army, but also may have disbelieved the prosecutrix as to who was the father of the child." Acquittal is not a bar to prosecution for perjury at least where, as in the instant case, the acquitting factfinder was not *required* to rule upon the truth or falsity of the challenged statement in order to reach the verdict.

The final and most seriously contested ground advanced to support the order of the court below is that the indictment is void because the trial court sitting as a committing magistrate failed to comply with Rules of Criminal Procedure 102, 116, 117 and 119, which provide that criminal proceedings shall be initiated by a sworn complaint and that the accused has a right to a preliminary hearing.

The Constitution, Art. V, §9, provides: "Judges of the courts of common pleas learned in the law . . . within their respective districts shall be justices of the peace as to criminal matters." This section empowered the court below to act as a committing magistrate. *Commonwealth ex rel. Levine v. Fair*, 186 Pa. Superior Ct. 299, 144 A. 2d 395, *rev'd on other grounds*, 394 Pa. 262, 146 A. 2d 834 (1958). The trial court immediately after the verdict of acquittal acted as a committing magistrate and ordered appellee to be held for court on a charge of perjury. This action constituted a preliminary hearing at which the issuing authority, in this instance a trial judge, determined that a prima facie case of the appellee's guilt had been established and consequently held appellee for court. See, Rule 122(a).

The real question posed by this facet of the appeal is whether a trial judge may hold a preliminary hearing as a committing magistrate on an offense committed in his presence in the courtroom when proceedings have not been initiated by a sworn complaint and when the hearing is held immediately after the offense has been committed rather than more than three days after a preliminary arraignment. Rules 102 and 116 (g) (1).

Rule of Criminal Procedure 2 provides that the rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay . . . ." Mindful of these goals of the rules, a judge of the Court of Quarter Sessions may, as a committing magistrate, hold a defendant for court after preliminary hearing on an offense committed in the courtroom in the presence of the judge without proceeding upon a written complaint or affording the defendant a preliminary arraignment.

In these limited circumstances, adherence to the requirements of a sworn complaint and a preliminary arraignment result in expense, delay and duplication of proceedings without in any degree affecting the fairness of the proceedings against the accused. The purpose of requiring a sworn complaint is to inform an accused of the specific nature of the charge against him. Rule 104. Similarly, the purpose of preliminary arraignment is to explain to the accused the charges against him and inform him of his rights to counsel and to a preliminary hearing. Rule 116(b). The requirement of Rule 116(g)(1) that preliminary hearings shall not be held less than 3 days after preliminary arraignment is primarily to afford an accused the opportunity to prepare for preliminary hearing. When an offense has been committed in court before the judge who sits as committing magistrate, the accused has

knowledge of the charges against him and the facts and witnesses necessary to show that a prima facie case of guilty has not been established are present and available.[1]

Under these circumstances, a sworn complaint and a preliminary arraignment of the accused serve no useful purpose. Moreover, in practical effect, to apply Rules 102 and 116 to this case would end the power of the judges of the Court of Quarter Sessions to sit as committing magistrates on offenses committed in the courtroom. This is neither intended by the Rules of Criminal Procedure nor consistent with their stated goals of simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

The order of the court below is vacated and the indictment reinstated.

---

[1] An accused in a preliminary hearing before a judge sitting as a committing magistrate has the same rights as if he were before any other issuing authority. He has the right to have counsel present, cross-examine witnesses, testify and offer evidence on his own behalf, and have the use of compulsory process. Rules 119(b) and 121. Thus, an accused must be informed of his right to have counsel present and if an uncounseled accused wishes to have counsel present or if any accused wishes to avail himself of compulsory process, it may be incumbent upon the judge sitting as committing magistrate to continue the preliminary hearing under Rule 123.