Commonwealth *v.* Dawkins et al., Appellants.

Argued December 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Cassandra Maxwell Birnie,* for appellants.

*James D. Crawford,* Assistant District Attorney, with him *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., March 19, 1970:

Appellants, Kemel Dawkins and Doris Mae Dawkins, appeal from the judgment of sentence of the Court of Common Pleas, Criminal Section, of Philadelphia County. On January 18, 1968, appellants were arrested and charged with disorderly conduct and resisting arrest. At a preliminary hearing on January 29, Magistrate Edward Quinn refused to decide the summary charge of disorderly conduct and held appellants for indictment on the charge of resisting arrest. The indictment directed that the summary charge be disposed of at trial. On January 15, 1969, trial was held before Judge James T. McDERMOTT and a jury The jury returned a verdict of not guilty on the charge of resisting arrest. Judge McDERMOTT then found appellants guilty of the summary offense of disorderly

conduct and sentenced them to pay a fine of $10 and costs of $2.50, or, in default of payment, to be committed to the County Prison for thirty days.

Magistrates and justices of the peace have jurisdiction over summary offenses by virtue of the Act of April 26, 1929, P. L. 824, No. 356, §1, 42 P.S. §391, and disorderly conduct is defined as a summary offense. Act of June 24, 1939, P. L. 872, §406, 18 P.S. §4406. Appellants argue that Section 16(o) of the Schedule to Article V of the revised Pennsylvania Constitution gave the Municipal Court (formerly magistrates' court) exclusive jurisdiction over summary offenses, and that Common Pleas judges may only exercise appellate jurisdiction over those cases. We do not agree.

The power of a Common Pleas judge to sit as a committing magistrate was firmly established under the Constitution of 1874.[1] See *March v. Commonwealth,* 10 Sadler 479, 14 Atl. 375 (1888); *Commonwealth ex rel. Levine v. Fair,* 186 Pa. Superior Ct. 299, 144 A. 2d 395 (1958), rev'd on other grounds, 394 Pa. 262, 146 A. 2d 834 (1958); *Commonwealth v. Rose,* 214 Pa. Superior Ct. 50, 251 A. 2d 815 (1969), rev'd on other grounds, 437 Pa. 30, 261 A. 2d 586 (1970). The language of Section 16(o) of the Schedule to Article V duplicates the language of the former provisions.[2] Further, in the Preface to the Schedule, the legislature

---

[1] Pa. Constitution, Article V, §9 (1874). "Judges of the courts of common pleas learned in the law shall be judges of the courts of oyer and terminer, quarter sessions of the peace and general jail delivery, and of the orphans' court, and within their respective districts shall be justices of the peace as to criminal matters."

[2] Pa. Constitution Schedule to Article V, §16(o). ". . . The court of common pleas shall have all the jurisdiction now vested in the court of common pleas, the court of oyer and terminer and general jail delivery, courts of quarter sessions of the peace, orphans' court and county court."

made the Schedule's provisions effective as of the date of its adoption, April 23, 1968, wherever the word "now" appeared. Since the Schedule was included in the ratification of the new Constitution, effective January 1, 1969, Section 16(o) (a "now" provision), was simultaneously made part of both the old and new Constitutions. We view this Section as newly consolidating all the trial courts into one court, while preserving for the judges of the "new" Court of Common Pleas all powers formerly vested in trial judges, including the power to sit as committing magistrates.[3]

The judgment of the court below is affirmed.

HOFFMAN, J., concurs in the result.

----

[3] In those cases where the evidence presented to the jury on the indictable charge applies equally and is dispositive of the summary offense, it is not necessary that a separate hearing on the summary offense be held. Where, however, the two offenses require different evidence a separate hearing may be necessary to insure counsel adequate time to prepare a defense and to prevent confusion and possible prejudice in the mind of the judge. *Commonwealth v. Rose*, supra.