## Commonwealth v. Snyder

*Samuel F. Bonavita,* District Attorney, for Commonwealth.
*Edward G. Petrillo,* for defendant.

WOLFE, *P.J.,* January 13, 1977 — Defendant has filed a motion to quash the indictment returned against her and to dismiss the summary charge on the following statement of facts.

Defendant was stopped by a Youngsville Borough police officer who was operating a police cruiser and in uniform in the early morning hours of November 26, 1976 after he clocked defendant's vehicle traveling at the rate of 45 miles per hour in a 35 mile per hour speed zone. It was the officer's intention to arrest the defendant for The Vehicle Code infraction, Act of April 29, 1959, P.L. 58, 75 P.S. §101 et seq. However, his intention was distracted when he smelled the aroma of marijuana emanating from the vehicle which, after summary investigation caused him to arrest defendant's passenger and defendant for violation of the Drug, Device and Cosmetic Act. No citation was issued to defendant for the speeding violation at the time of the arrest. This violation was written up on a criminal complaint which also carried a charge of violation of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233,

35 P.S. §780-101 et seq., a misdemeanor of the third degree, as well as the operation of a motor vehicle for transportation of beer in violation of the Crimes Code.

Defendant was indicted following preliminary hearing before a Magistrate who bound defendant over to court on all of the charges.

Defendant contends the indictment should be now quashed as to the two charges for violation of The Vehicle Code because the magistrate should have resolved those charges and it would be improper to submit these charges again before a Magistrate which the Commonwealth has requested due to the suppression of the evidence to support the charge of violation of the Cosmetic Act which the Commonwealth does not now intend to pursue for lack of evidence.

Defendant relies on Rule 51 of Pennsylvania Rules of Criminal Procedure governing the proceedings in summary cases. Defendant argues the arresting officer was compelled to issue a citation at the time of the stop of the vehicle for the alleged speeding violation and it was improper to include that violation in the criminal complaint. A close reading of Rule 51(a)(b) compels us to disagree. Rule 51(A)(1)(a) provides:

"Except as provided by subparagraphs (A) (1) (b) and (c), a citation *shall be issued* to the defendant by a police officer, who shall be in uniform, when the offense charged is a violation of a traffic ordinance or when it is a summary offense under the Vehicle Code." (Emphasis added.)

In contrast to this subdivision is subdivision (b) reciting:

"A citation (rather than a complaint) *shall be filed* with an issuing authority by a police officer

when the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, when the police officer is not in uniform, or when it is not feasible for him to issue a citation to the defendant, or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident . . . ." (Emphasis added.)

It is apparent Rule 51 does not make it mandatory a citation *be issued* in all incidents and exceptions are noted when a citation may *be filed* with an issuing authority by a police officer.

It is now settled since Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), that all charges from one incident must be brought together to avoid the double jeopardy clause. At page 252 of Campana we note this language:

"We hold, in light of the pursuasive authority discussed above, that the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a 'single criminal episode.'

"It should be noted in Pennsylvania, it is clear that both summary offenses and indictable offenses may be considered at a single common pleas proceeding: 'In those cases where the evidence presented to the jury on the indictable charge applies equally and is dispositive of the summary offense, it is not necessary that a separate hearing on the summary offense be held.' Commonwealth v. Dawkins, 216 Pa. Superior Ct. 198, 264 A. 2d 722, 723 n. 3 (1970)."

In the holding of Commonwealth v. Smith et al., 232 Pa. Superior Ct. 546, 334 A. 2d 741 (1975), Campana, supra, gained support by the court's

pronouncement that Campana holds where multiple criminal offenses arise from the same episode or transaction, all must be tried in one prosecution. "We construe Campana to bar only successive trials not successive preliminary proceedings which are not in fact trials."

In the instant case the magistrate did not hold a trial on any of the charges but only sufficient evidence was taken to make out a prima facie case on both the indictable offense and the summary offenses to bind defendant to court. Notwithstanding the Commonwealth has agreed that there now exists insufficient evidence to pursue the charge of violation of the Cosmetic Act due to the suppression of the evidence it does not automatically follow that the indictment therefore should be quashed as to the summary offenses when no tribune has resolved the charges on the merits in the nature of a trial.

Rule 51(A)(1)(b) directs a citation (rather than a complaint) shall be filed with an issuing authority "by a police officer when the offense charged is a . . . or for a summary offense under the Vehicle Code . . . or when it is not feasible for him to issue a citation to the defendant . . ."

Here the officer did not use the citation method and did technically violate the Rule by filing the summary charges on a complaint form supplied by the Magistrate. The proper and better procedure would be for the officer, under the circumstances then confronting him at the time of the stop, to have filed the citation with the issuing authority rather than having it placed upon the complaint with the misdemeanor. Nonetheless, we find no harm done to defendant simply because the wrong form was used as, in essence, the issuing authority

treated all of the charges as a court case under the complaint form.

To clear the record the Commonwealth will be directed to file a petition for nolle prosequi since the court has been advised by the District Attorney that the misdemeanor will not be pursued and we will grant the Commonwealth's petition to remand the summary offenses to the Magistrate for a trial.

### ORDER

And now, January 13, 1977, the motion to quash the indictment is denied.

The Commonwealth is directed to file a nolle prosequi to the charge of violation of Act Number 64, The Controlled Substance, Drug, Device and Cosmetic Act.

The summary offenses are remanded to the proper Magistrate for trial on the merits.