## Commonwealth v. Zuback

*Frederick D. Lingle, District Attorney,* for Commonwealth.

*Merritt E. McKnight,* for defendant.

BROWN, *P.J.,* March 14, 1981—Defendant was charged with criminal mischief as a misdemeanor. The offense arose out of an incident where defendant allegedly drove his vehicle through a grassy area of Memorial Park located in and owned by the Borough of Renovo. Pecuniary loss was alleged to have been $635. Following a jury trial on October 10, 1980, the jury found defendant guilty of criminal mischief but further found that a pecuniary loss in excess of $500 had not been established, thus reducing the matter from a misdemeanor of the third degree to a summary offense.

The Commonwealth presented evidence during the trial as to the loss or damages to the borough which consisted of testimony concerning the labor

used in repairing damage to the grass in the park as well as the purchase of certain materials.

Defendant has filed a petition to remand for a hearing before a district justice on the basis that the jury's finding of guilt with a further finding of pecuniary loss not in excess of $500 makes the matter a summary offense and not within the jurisdiction of this court. After reviewing defendant's arguments and citation of authority, the court rejects his argument.

In support of his position defendant has cited the case of Com. v. Ratcliffe, 69 D. & C. 2d 600 (1975). In that case the Commonwealth failed to offer any evidence as to the amount of money damages and the charges were subsequently dismissed following a motion submitted by defendant for an arrest of judgment. That case is different from the present case in that the Commonwealth in the present case did offer evidence with regard to damages or pecuniary loss.

After a review of the cases of Com. v. Dawkins, 216 Pa. Superior Ct. 198, 264 A. 2d 722 (1970), and Com. v. Ritter, 268 Pa. Superior Ct. 563, 408 A. 2d 1146 (1979), the court concludes as held in Ritter that the courts of common pleas have concurrent jurisdiction along with district justices of the peace to hear and decide summary criminal proceedings. The court further believes in a situation like this where defendant is originally charged with a misdemeanor which is subsequently reduced as a part of the verdict process to a summary offense because of the amount of damages involved, that the verdict of the original fact finder (i.e., the jury) is valid and should stand and operate as a conviction of the lesser included offense, even when the lesser con-

viction is a summary offense. As pointed out in Ritter, Pa. Const., Art. V, §5, provides that courts of common pleas have unlimited original jurisdiction in all cases except as may otherwise be provided by law and that this provision provides for a concurrent jurisdiction with district justices with regard to summary offenses.

Since defendant is not ordinarily entitled to a jury trial on a summary offense, he has received a greater expanse of rights than is mandated by law. A summary offense is ordinarily heard and decided by a single person, that is, a district justice or a judge sitting in the court of common pleas. Defendant's argument that he is being denied the right to a de novo hearing after a district justice hearing has been considered, but is hereby rejected. The court acknowledges that he would have been entitled, if a summary offense had been originally charged, to a hearing before the district justice and then at his option to a de novo hearing based upon a summary conviction appeal to this court. However, his loss of this particular right is not deemed to be a denial of due process in view of the fact that he received a jury trial and was permitted to have a segment of the community consisting of 12 people pass upon the case and arrive at a verdict.

## ORDER

And now, March 14, 1981, based upon the foregoing memorandum, it is hereby ordered that defendant's petition to remand be dismissed and that defendant be scheduled for sentencing by the court administrator.