J-A02001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOWEN FADI RIZK | : | |
| | : | |
| Appellant | : | No. 283 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 23, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0001108-2018

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JUNE 29, 2021**

Bowen Rizk appeals from the judgment of sentence of thirty to ninety days of incarceration with immediate parole to electronic home monitoring and a three hundred dollar fine, imposed after the trial court found him guilty of summary harassment.  After careful review, we affirm.

The trial court summarized the facts adduced at Appellant's trial as follows:

> At trial, the victim and [Appellant] testified to meeting in high school and dating before falling out of contact.  In the summer of 2017, they reconnected and proceeded to move into an apartment together on September 1, 2017.  When that decision was made, the victim began having reduced contact with her family.  After the "honeymoon phase" was finished, the victim started missing her family.
>
> On the evening of Tuesday, January 16, 2018, the night at issue here, both the victim and [Appellant] testified to being in the apartment together.  The victim testified that [Appellant] wanted to have intercourse that evening and the victim refused.

Once she refused, the victim testified that [Appellant] beat her with a telephone cord. The victim testified that after [Appellant] was finished beating her, the victim wanted to leave the apartment to cool down. Both the victim and [Appellant] testified that the victim left the apartment and drove around the neighborhood. [Appellant] subsequently left the apartment, searching for the victim. While he was out, the victim returned to the locked apartment, was granted entry by a security guard, and called [Appellant] to let him know she was back. [Appellant] was the first person that the victim called, and she did not call anyone else until he arrived. When [Appellant] arrived home angry, the victim testified that she locked herself in the bedroom and attempted to call [Appellant's] mother, as his mother could calm him down. [Appellant] forced entry into the bedroom and stopped the call. The violence continued late into the evening. At some point late that night or early the next morning, [Appellant] and the victim fell asleep.

The victim and [Appellant] both testified that the victim did not go to work for the next few days. On Saturday, January 20, 2018, the victim returned to her family's house about fifteen to twenty minutes away. The victim testified that her family contacted the police on Sunday, January 21, 2018.

Officer [Aaron] Zaliponi of the Adams Township Police Department testified at trial that the victim's father contacted him to report an abuse case. Officer Zaliponi, who was off-duty at the time, directed the victim's father to Patrolman [Christopher Thiel], who took the victim's statement, along with a few photographs of bruising.

Detective [Michael] Bailey testified that Officer Zaliponi informed him of the case. Both Officer Zaliponi and Detective Bailey searched the apartment, where they found a hole in a bedroom doorway. After determining that there was enough probable cause for an arrest warrant, Detective Bailey prepared the warrant and, along with Officer Zaliponi, executed the warrant on or about January 25, 2018 at the house of [Appellant's] parents. Furthermore, Detective Bailey testified that, according to his experience in working with abuse cases, he knows that bruising usually requires one or two days to appear.

Trial Court Opinion, 5/13/20, at 1-3.

The Commonwealth arrested Appellant and charged him with aggravated assault, strangulation, unlawful restraint, terroristic threats, simple assault, and a summary count of harassment.[1] On December 18, 2018, this matter proceeded to a bifurcated jury/nonjury trial, where the trial court sat as factfinder on the summary harassment offense and the jury sat as factfinder on the remaining felony and misdemeanor charges. Appellant testified in his own defense and denied all of the allegations levelled against him. On December 19, 2018, the jury acquitted Appellant of strangulation, unlawful restraint, terroristic threats, and simple assault. After the jury was dismissed, the trial court entered its verdict finding Appellant guilty of summary harassment for "strik[ing], shov[ing], kick[ing], or otherwise subject[ing the victim] to physical contact in violation of [§] 2709(a)(1) of the Crimes Code a summary offense." *See* Non-Jury Verdict, 12/19/19.

On January 23, 2020, the trial court sentenced Appellant to pay a $300 fine and to undergo imprisonment for thirty to ninety days. The court immediately paroled Appellant on the condition that he undergo thirty days of house arrest with electronic monitoring. On January 27, 2020, Appellant filed a post-sentence motion and application for stay pending disposition of post-sentence motion and direct appeal. In the motion, Appellant alleged that the summary harassment verdict was against the weight of the evidence, that

---

[1] The Commonwealth withdrew the aggravated assault charge prior to opening statements.

collateral estoppel and double jeopardy principles precluded the harassment verdict, and asked the court to reconsider the discretionary aspects of his sentence. The trial court denied Appellant's post-sentence motion without a hearing. However, the court granted a stay pending appeal. This timely appeal followed.[2] Both the Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court err and abuse its discretion by denying [Appellant]'s post-sentence motion for a new trial challenging the weight of the evidence related to the verdict rendered on count [five], harassment?

2. Did [the] trial court err and abuse its discretion when it failed to afford [Appellant] any opportunity to present a defense to count five, harassment, subsequent to the jury's acquittal on indictable charges?

---

[2] In its opinion, the trial court noted that Appellant's notice of appeal was untimely because it was filed thirty-one days after the sentence was imposed. **See** Trial Court Opinion, 5/13/20, at 3 n.2. This finding was incorrect, since the trial court failed to include Appellant's timely post-sentence motion in its calculations. This erroneous calculation was due to the trial court's denial of the post-sentence motion because post-sentence motions are not permitted in summary appeals cases following a trial *de novo*. **See** Trial Court Opinion, 5/13/20, at 5; **see also** Pa.R.Crim.P. 720(d) (("There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. . . ."). This portion of the rule has no bearing on Appellant's case, since Appellant was convicted of summary harassment after a bifurcated jury trial in the court of common pleas, not by a local Magisterial District Judge. Since no trial *de novo* occurred, the rules covering trials *de novo* are irrelevant. Rather, because he filed a timely post-sentence motion, Appellant had thirty days to file an appeal after the post-sentence motion was decided. **See** Pa.R.Crim.P. 720(a)(2). Appellant did so, and this appeal is therefore properly before us.

Appellant's brief at 6.

While fashioned as a challenge to the weight of the evidence, Appellant's first claim actually attacks the constitutionality of his summary harassment conviction. Specifically, Appellant alleges that the trial court violated collateral estoppel and double jeopardy when it convicted him of summary harassment, since the jury previously acquitted him of simple assault and related charges in the simultaneous bifurcated trial. **See** Appellant's brief at 16. The Commonwealth objects to our consideration of this "thinly-veiled" constitutional challenge since Appellant failed to include this issue in his concise statement. **See** Commonwealth's brief at 2-3, 5-6, 9-13. Our review of the certified record supports the Commonwealth's position.

Importantly, a court-ordered concise statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). It is well settled that "[i]ssues that are not set forth in an appellant's statement of matters complained of on appeal are deemed waived." ***Commonwealth v. Perez***, 103 A.3d 344, 347 n.1 (Pa.Super. 2014) (citing Pa.R.A.P. 1925(b)(4)(vii)).

Here, the trial court directed Appellant to file and serve his concise statement within twenty-one days of the filing of its order and expressly stated that, "[a]ny issue not properly included in the [s]tatement timely filed and properly served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived."

Order of Court, 3/2/20. Appellant included the following issues in his Rule 1925(b) statement relating to the bifurcated jury trial or weight of the evidence:

e. The [t]rial [c]ourt erred and abused its discretion when if failed to inform [Appellant], or determine [Appellant's] awareness, at any point prior to or during a consolidated jury/non-jury trial, that his case would proceed with two distinct factfinders: a jury determining his guilty or innocence on the indictable charges, and a judge, sitting in a non-jury capacity, determining his guilt or innocence on a summary offense.

f. The [t]rial [c]ourt erred and abused its discretion when it failed to afford [Appellant] any opportunity to present a defense to [c]ount [five], [h]arassment, subsequent to the jury's acquittal on indictable charges. By immediately proceeding to a ruling and sentencing on that [c]ount, with no prosecutor, affiant, or any other representative for the Commonwealth present, before the jurors had even left the courtroom, [Appellant] was denied an opportunity to address the unique element of [h]arassment that distinguishes that offense from the indictable offenses at issue during the jury trial.

g. The [t]rial [c]ourt erred and abused its discretion by denying [Appellant]'s post-sentence motion for a new trial challenging the weight of the evidence. The verdict rendered on [c]ount [five], [h]arassment, was contrary to the weight of the evidence presented. The Commonwealth's evidence was of such low quality, tenuous, vague and uncertain as to make the verdict of guilty pure conjecture; and, therefore, shocks the conscience of the [c]ourt. The victim's testimony was unreliable and untrustworthy, as it was riddled with inconsistencies and a lack of corroboration. That the jury clearly weighted the evidence against the Commonwealth, illustrates just how significantly the trial court abused its discretion making its own weight analysis in support of conviction.

Concise Statement of Errors Complained of on Appeal, 4/27/20, at unnumbered 5.

Plainly, Appellant's concise statement makes no mention of a constitutional challenge to any of his convictions. Indeed, Appellant does not identify any double jeopardy or collateral estoppel concerns. Rather, Appellant's issues challenge the alleged deficient notice he received that his trial would be bifurcated, his supposed lack of opportunity to present additional evidence to combat the summary harassment charge, and the weight of the evidence as it relates to the victim's purported "unreliable and untrustworthy" testimony. *Id*. In its Rule 1925(a) opinion, the trial court addressed Appellant's bifurcated trial issues on these grounds alone. *See* Trial Court Opinion, 5/13/20, at 5-6, 8-9.

Based on the foregoing, we conclude that Appellant has waived the collateral estoppel and double jeopardy challenges as presented on appeal, since he did not specify them in his Rule 1925(b) statement and the trial court did not address them in its opinion. *See Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa.Super. 2013) (quoting *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa.Super. 2008) (stating "for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim

unless that particular legal theory was presented to the trial court")). Thus,

Appellant is not entitled to any relief on his first issue.[3]

In his second claim, Appellant argues that the trial court erred when it

failed to afford him the opportunity to present a separate defense to summary

---

[3] In his post-sentence motion, Appellant included a constitutionality challenge to his summary harassment conviction on collateral estoppel and double jeopardy grounds. **See** Post-Sentence Motion, 1/27/20, at unnumbered 7-8. However, unlike in his appellate brief, this challenge was put forth as a separate issue, distinct from his lengthy and detailed discussion of alleged inconsistencies in the victim's testimony that Appellant pointed out in an attempt to challenge the weight of the evidence. Accordingly, when he only included the weight of the evidence issue in his concise statement, the trial court did not address Appellant's then-abandoned constitutional challenge to the summary harassment conviction in its Rule 1925(a) opinion. **See** **Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa.Super. 2008) (reiterating the well-established principle that where a trial court directs a defendant to file a concise statement, any issues not raised in that statement shall be waived).

In any event, Appellant's claim based upon double jeopardy or collateral estoppel is meritless. As we have explained, those

> principles apply to "subsequent" prosecutions where the first trial ended with a definitive determination of a controlling material issue. They do not apply to the typical scenario permitted by Pa.R.Crim.P. 648(F), where the jury and the trial court rendered conflicting credibility findings. A trial judge, sitting simultaneously as fact-finder with a jury in a bifurcated summary/non-summary trial, is entitled to make his or her own credibility findings, and it is well-settled that "inconsistent verdicts are permissible in Pennsylvania." [**Commonwealth v. **]**States**, 938 A.2d [1016], 1025 [(Pa. 2007)]. What occurred in this case was an inconsistent verdict. Such verdicts, "while often perplexing, are not considered mistakes and do not constitute a basis for reversal." **Commonwealth v. Petteway**, 847 A.2d 713, 718 (Pa.Super. 2004) (citations omitted).

**Commonwealth v. McNeal**, 120 A.3d 313, 327–28 (Pa.Super. 2015).

harassment after the jury's acquittal of the misdemeanor and felony charges. *See* Appellant's brief at 30. Appellant does not explain what evidence he would have presented to the trial court if given the opportunity nor does he offer any case law to support his argument that the "uniqueness" of the criminal charges should entitle a defendant to separate proceedings. *Id*. at 30-31. Accordingly, he is not entitled to relief.

In Pennsylvania, both summary offenses and indictable offenses have long been considered at a single common pleas proceeding "[i]n those cases where the evidence presented to the jury on the indictable charge applies equally and is dispositive of the summary offense." ***Commonwealth v. Dawkins***, 264 A.2d 722, 723 n.3 (Pa.Super. 1970). Indeed, the simultaneous jury and non-jury proceedings that occurred in the instant case are expressly approved by Pa.R.Crim.P. 648(F). Here, all charges originated from one extended criminal episode, and Appellant concedes that "the trial was consolidated" with the trial court "technically sitting as fact-finder while simultaneously ruling over the jury trial." Appellant's brief at 32. Accordingly, the fact that Appellant did not receive a separate hearing on his summary harassment charge does not conflict with established precedent unless the evidence presented to the jury did not also apply "equally" to the summary harassment charge. Appellant has not met this burden.

In order to prove that Appellant was guilty of summary harassment, the Commonwealth needed to prove that Appellant, struck, shoved, kicked, or

otherwise subjected the victim to physical contact with the "intent to harass, annoy, or alarm" her. 18 Pa.C.S. § 2709. At trial, the Commonwealth met its burden through the victim's testimony and by admitting photographs of the victim's injuries. Appellant countered with his own testimony, categorically denying all of the allegations that the victim made against him. **See** N.T. Jury Trial, 12/18/19, at 176 (denying that he ever attempted to restrain, threaten to beat, shove, or punch the victim); **see also id**. at 179 (denying that he tried to put the victim into a headlock, dragged her into the kitchen, threatened her with a knife, dumped a bucket of ice over her, or stated "you better pray to God and hope you survive the night"). Accordingly, through his own testimony, Appellant offered his defense to the summary harassment charge.

Furthermore, Appellant has offered no authority to support his contention that the trial court should have *sua sponte* permitted him to make a separate defense to the harassment charge outside the purview of the jury without his having made a request to do so. Nor has he explained what additional evidence or argument he would have presented to the court if he had been given another opportunity to defend against the harassment charge. Therefore, assuming *arguendo* that the trial court erred when it did not offer Appellant the opportunity to present additional evidence before issuing its verdict, the trial court's error was harmless. **See Commonwealth v. Hamlett**, 234 A.3d 486, 492 (Pa. 2020) ("[*S*]*ua sponte* invocation of the

harmless error doctrine is not inappropriate as it does nothing more than affirm a valid judgment of sentence on an alternative basis."). Accordingly, no relief is due on Appellant's final issue and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/29/2021